## 49431. WALKER v. THE STATE.

BELL, Chief Judge.

Defendant was indicted for murder but convicted of voluntary manslaughter.

At the start of the trial, counsel for the defendant made inquiry of the district attorney as to who was sitting at the prosecutor's table in the courtroom. One was identified as a police officer whose presence at the table was contended to be necessary for the orderly presentation of the case as he was an investigating officer, and the other was identified as the mother of the deceased victim of this alleged crime. This was done in the presence of the jury. Objection was made to the mother being allowed to sit at the table of the prosecution and the trial judge overruled the objection by stating "If the state wants the mother of the victim to stay there I will allow her to stay in the courtroom." Later the objection was renewed and was overruled again, the trial judge stating "I am holding that the mother of the alleged victim has the right to sit at state's counsel table . . ." The conduct of the trial of any case is necessarily controlled by the trial judge, who is vested with a wide discretion, and in the exercise of which an appellate court should never interfere unless it is made to appear that wrong or oppression has resulted from its abuse. *Atlanta Newspapers v. Grimes,* 216 Ga. 74 (114 SE2d 421). The presence of the bereaved mother at the prosecutor's table during the trial of one accused of murdering her son surely must have had an impact on the jury and we cannot say it was not harmful and prejudicial to the defendant's right to have a fair trial. There was no showing by the state that her presence was necessary for an orderly presentation of the case. The trial judge abused his discretion and the judgment is reversed.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED MAY 28, 1974 — DECIDED JULY 5, 1974 —
REHEARING DENIED JULY 22, 1974 —

*S. M. Landress,* for appellant.
*George W. Darden, District Attorney,* for appellee.