## 33553. ADAMS v. THE STATE.

NICHOLS, Chief Justice.

Appellant was convicted of murder. His punishment was set as life in prison. He appeals. This court affirms.

1. From evidence presented in behalf of the state, the jury was authorized to find the following facts: Appellant, the victim and a woman friend had been driving around for several hours drinking beer. After the victim and the woman took appellant home, and when the woman refused his invitation to go into his house with him, appellant took the keys from the victim's automobile and threw them across the road. Then he announced that he was going "to shoot some," went into the house, returned with a rifle and shot 14 times. One bullet struck the victim in the chest and killed him. Two others struck the automobile. The victim was searching for the automobile keys when he was shot.

The woman's testimony, appellant's own statement, evidence at the scene, and the laboratory reports are sufficient to authorize the verdict. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976).

2. Appellant assigns as error the trial court's denial of his motion for a mistrial based upon certain remarks made by the district attorney during closing arguments. The remarks were as follows: "This lady's youngest son, right there . . . who's not here to speak for himself."

The defendant immediately objected and moved for a mistrial on the grounds that the remarks referred to matters not in evidence and prejudiced and inflamed the jury. The trial court overruled the objection and instructed the jury that counsel only should argue matters that are in evidence; that the remark was not evidence; and that the jury should recall the evidence and should consider only the evidence admitted.

Defense counsel renewed his motion for mistrial on the same grounds and on the additional ground that the instructions given to the jury were insufficient and inadequate to cure the injurious effect of the remarks.

In support of this assignment of error, appellant cites *Walker v. State,* 132 Ga. App. 476 (208 SE2d 350) (1974). In *Walker,* objection was made at the start of the trial to

the court's ruling permitting the mother of the deceased victim to sit at the prosecutor's table. In the present case, the transcript fails to show any objection to the mother's sitting at the prosecutor's table. Rather, the objection was addressed only to the district attorney's remarks to the jury. The transcript fails to show that the victim's mother did, in fact, sit at the prosecutor's table.

Assuming, arguendo, that the district attorney's comments were improper, prompt curative instructions were given by the court to negate any harmful effect they may have had. In *Chenault v. State,* 234 Ga. 216, 220 (215 SE2d 223) (1975), this court held that an appellant "must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party."

In light of the curative instructions, and because of the absence of a showing of harm resulting from the alleged improper comment, this enumeration of error is without merit.

3. In his third enumeration of error, appellant contends that he was too drunk after the shooting to make a knowing and intelligent waiver of his rights. At a Jackson-Denno hearing, both the coroner and investigating officer testified as to appellant's condition several hours after the shooting when he signed the waiver and gave an oral statement. Both testified that it appeared he had been drinking and was "shook up" but that he was in command of his faculties.

The state made a prima facie showing in accordance with Jackson v. Denno, 378 U. S. 368 (1964), and appellant introduced no rebuttal testimony as to the voluntary nature of the statement. The findings of the trial court are not clearly erroneous and, accordingly, there is no merit in this assignment of error. *Pierce v. State,* 235 Ga. 237, 239 (219 SE2d 158) (1975).

4. Assignments of error numbered four through twelve concern the trial court's refusal to charge in accordance with defendant's requests to charge.

The trial court correctly charged the matters contained in these requests to charge. The charge was not prejudicial to the appellant. It is not necessary to charge

the jury in the exact language of requests to charge where, as here, the applicable principles are fairly given to the jury in the general charge of the court. *Herrmann v. State,* 235 Ga. 400, 402 (220 SE2d 2) (1975). These enumerations of error are without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 5, 1978 — DECIDED SEPTEMBER 27, 1978.

*Ralph M. Walker,* for appellant.

*Beverly B. Hayes, District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Staff Assistant Attorney General,* for appellee.