## 35912. LEMLEY v. THE STATE.

MARSHALL, Justice.

The appellant was convicted of the murder of Houston County Deputy Sheriff Jesse Tanner. He received a sentence of life imprisonment. This is his appeal.

The murder was committed while the deputy sheriff was attempting to serve the appellant with a warrant for his arrest. In an exchange of gunfire, the deputy was killed and the appellant was wounded. After the shooting, the appellant got his girlfriend, Peggy Sue Mills, to drive him to Milledgeville to secure medical help. The appellant was apprehended by police there.

1. In the first enumeration of error, the appellant argues: "The trial court erred in denying the defendant's motion to appoint separate counsel to represent Peggy Sue Mills, an immunized state's witness, after having been advised by defendant's counsel of the inherent conflict in interest present in his dual representation of both."[1]

For her part in helping the appellant after he had committed the crime, Ms. Mills was indicted under Code Ann. § 26-2503 (Ga. L. 1968, pp. 1249, 1312) for hindering

_____

[1]It is somewhat unusual to treat one defendant's claim that the constitutional rights of a co-defendant were denied. Constitutional rights are generally considered to be personal to the accused, and they must be asserted by the one whose rights were actually infringed. However,

the apprehension of a criminal. Defense counsel for the appellant had been appointed to represent Ms. Mills also. During the course of the appellant's trial, the prosecution applied to the trial court for an order requiring Ms. Mills to testify and granting her immunity from prosecution. See Code Ann. §§ 38-1715 and 38-1716 (Ga. L. 1975, pp. 727, 728); *Brooks v. State,* 238 Ga. 435 (233 SE2d 208) (1977). At the time the prosecution made this request, defense counsel informed the trial court that he thought his dual representation of the appellant and the prosecution witness presented a conflict of interest. Defense counsel requested that another attorney be appointed to represent Ms. Mills. The trial court ordered Ms. Mills to testify and gave her immunity from prosecution. The trial court denied defense counsel's request that another attorney be appointed to represent Ms. Mills, finding it "unnecessary because I don't know what advice a lawyer could give her about the question of immunity that would make any significant difference."

In Glasser v. United States, 315 U.S. 60 (62 SC 457, 86 LE 680) (1942), the Supreme Court of the United States held that the Sixth Amendment right to effective assistance of counsel was denied because an attorney was required to simultaneously represent co-defendants with conflicting interests. In Holloway v. Arkansas, 435 U.S. 475 (98 SC 1173, 55 LE2d 426) (1978), the Supreme Court, applying Glasser, held that if a trial counsel who has been appointed to represent two or more criminal defendants makes a timely motion to have separate counsel appointed, the trial court must either appoint separate counsel or take adequate steps to determine if the risk of a conflict of interests is too remote to warrant separate counsel. In Castillo v. Estelle, 504 F2d 1243 (5th Cir. 1974), the Fifth Circuit Court of Appeals, applying Glasser, reversed a criminal conviction because trial counsel for the defendant was representing a prosecution witness in an unrelated civil matter. In Sullivan v. Cuyler,

we treat the appellant's claim that a separate attorney should have been appointed to represent Ms. Mills as a claim that the refusal to do this denied him his right to effective assistance of counsel.

593 F2d 512, 523 (3rd Cir. 1979), the Third Circuit Court of Appeals applied Glasser and Holloway so as to reverse a criminal conviction where trial counsel was representing co-defendants with conflicting interests who were tried at separate trials.

The reason a conflict of interests exists in a situation in which defense counsel is simultaneously representing a witness, even though the witness is not a co-defendant at trial, is that defense counsel might not be vigorous enough in his cross examination of such a witness. In this case, we find that the risk of that was so remote that any error on the part of the trial court in refusing to appoint a separate attorney to represent the witness was harmless.

In addition, the appellant's interests and the witness' interests were not conflicting under the facts of this case. See *Davis v. State,* 129 Ga. App. 796 (1) (201 SE2d 345) (1973). In the testimony they gave at trial, their version of the events was the same. Assuming that the witness had not been granted immunity from prosecution, it does not appear in any way that she and the appellant would have been asserting inconsistent defenses to the crimes charged.[2] This enumeration of error is without merit.

2. In the second enumeration of error, the appellant argues: "The trial court erred in instructing the jury as to self-defense in that the charge placed a burden of persuasion upon the defendant."

The trial court charged the jury, in pertinent part, that the burden was on the state to prove the defendant's guilt beyond a reasonable doubt. The trial court further charged the jury on the defenses of self and habitation under Code Ann. §§ 26-901 — 26-903 (Ga. L. 1968, pp. 1249, 1272, 1273). The trial court then charged the jury

---

[2]The present case is vastly different from most cases in which co-defendants might be asserting conflicting defenses, for Ms. Mills was not involved in the commission of the crime itself. She was charged with hindering the apprehension of a criminal. At common law, someone hindering the apprehension of a criminal would not be a party to the crime at all, but would be an accessory after the fact. See Code Ch. 26-8, Committee Notes.

that it would be their duty to convict the defendant of murder if they found beyond a reasonable doubt that he had killed the victim without justification and with malice aforethought. In a recharge to the jury, the trial court instructed them, "in order to justify the use of deadly force, . . . *it must appear* that the person attacked was so situated and endangered that he honestly believed and that he had reasonable grounds for believing that he was in imminent danger of death or serious bodily harm . . ." (Emphasis supplied.) See Code Ann. § 26-902.

The appellant argues that the use of the words "it must appear" had the effect of shifting the burden of proof to him on the issue of self-defense. We disagree. The only burden which the trial court expressly placed on either of the parties was the burden placed on the state to prove the defendant's guilt beyond a reasonable doubt. The use of the words "it must appear" in the quoted portion of the recharge did not have the effect of placing the burden of proof on the defendant on the issue of self-defense. This enumeration of error is without merit.

3. In the third enumeration of error, the appellant argues: "The trial court erred in failing to restrict the number of law enforcement officers in the courtroom at the time of the court's recharge to the jury over the defendant's objection that their presence was a direct form of intimidation of the jury."

The trial court ruled, "So long as their attendance does not amount to intimidation of the jury, it is a public trial and I think they have a right to be here. To the extent that it appears to the court to intimidate the jury or pressure the jury, I will grant the defendant's motion; but I don't see that it does at this time." However, the trial court did require the police officers to vacate some of the rows in the front and middle sections of the courtroom in order to allow the families of the parties to sit there. In addition, the trial court did not allow anybody to sit in the first three rows adjacent to the jury box. To this extent, the court stated that it was granting the defendant's request.

"The conduct of the trial of any case is necessarily controlled by the trial judge, who is vested with a wide discretion and in the exercise of which an appellate court

should never interfere unless it is made to appear that wrong or oppression has resulted from its abuse. *Atlanta Newspapers v. Grimes,* 216 Ga. 74 (114 SE2d 421) (1960); *Walker v. State,* 132 Ga. App. 476 (208 SE2d 350) (1974)." *Nunnally v. State,* 235 Ga. 693, 699 (221 SE2d 547) (1975); *Harris v. State,* 237 Ga. 718, 728 (230 SE2d 1) (1976). Cf. *Allen v. State,* 235 Ga. 709, 711 (221 SE2d 405) (1975). We find no abuse of discretion on the part of the trial court here. This enumeration of error is without merit.

4. In the fourth enumeration of error, the appellant argues: "The trial court erred in failing to instruct the jury as to the status of a private citizen in effecting an arrest."

In *Mason v. State,* 147 Ga. App. 179 (7) (248 SE2d 302) (1978), the Court of Appeals held that the trial court erred in refusing to give a timely request to charge the jury under Code Ann. § 92A-2108 (Ga. L. 1970, pp. 208, 212; as amended, Ga. L. 1977, pp. 1180, 1181), which contains the pre-employment statutory requirements for peace officers, and Code Ann. § 92A-2115 (Ga. L. 1970, pp. 208, 215; as amended, Ga. L. 1977, pp. 1180, 1181), declaring arrests effected by peace officers not complying with Ch. 92A-21 to be unauthorized. In the present case, there was no such request to charge. Therefore, the trial court did not err in failing to so charge. *Mason* is distinguishable on this ground. This enumeration of error is without merit.

5. In the fifth and final enumeration of error, the appellant argues: "The trial court erred in overruling defendant's motions for a pre-indictment preliminary hearing, and post-indictment preliminary hearing."

In Georgia, as in other states as well as the federal system, the failure to hold a preliminary hearing provides no basis for a reversal of a conviction. *State v. Middlebrooks,* 236 Ga. 52 (2) (222 SE2d 343) (1976). Therefore, this enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 1, 1980 — DECIDED FEBRUARY 27, 1980.

*Wayne E. Ingram,* for appellant.
*Stephen Pace, Jr., District Attorney, James E. Hardy,*

*Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General, for appellee.*