## 36129. WRIGHT v. THE STATE.

NICHOLS, Justice.

Sidney Wright was convicted for the murder of George Upson. The state did not seek the death penalty. Wright was sentenced to life imprisonment. He appeals. This court reverses.

1. Wright contends that the trial court erred in instructing the jury to ignore the testimony of his only witness other than himself, and in refusing to allow the witness to complete his testimony. During the witness' testimony, it became apparent that he had violated the sequestration rule by being present in the courtroom during the testimony of other witnesses.

Under the peculiar facts of this case, the trial court erred by striking and excluding the testimony of the defendant's sole witness who supported defendant's testimony. Violation of the sequestration rule did not affect admissibility of the testimony. The district attorney's recourse was to seek instructions from the court informing the jury that the presence of the witness in the courtroom in violation of the rule should be considered in determining the weight and credit to be given to the testimony of the witness. *Pippins v. State,* 224 Ga. 462 (2) (162 SE2d 338) (1968); *Dudley v. State,* 148 Ga. App. 560 (3) (251 SE2d 815) (1978).

Upson was shot with a pistol during a drinking party at a mutual friend's home. The witness whose testimony was stricken

and excluded was the only person present at the party other than Wright whose version of the shooting coincided with or supported Wright's contention that the pistol went off accidentally while Wright and Upson were struggling to gain possession of the pistol. These two errors are harmful, requiring reversal, because no other witness supported defendant's testimony regarding the homicide. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976). The first and second enumerations of error are meritorious.

2. The charge on implied malice was not impermissibly burden-shifting. *Burney v. State,* 244 Ga. 33 (6) (257 SE2d 543) (1979), cert. den. 100 SC 463; *Tucker v. State,* 245 Ga. 68 (5) (263 SE2d 109) (1980).

3. There is no merit in the assertion that the trial court erred in failing to charge justifiable homicide. The trial court charged on murder, voluntary manslaughter and accidental homicide. There was no evidence authorizing a charge on justifiable homicide.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED APRIL 11, 1980 — DECIDED JUNE 10, 1980 — REHEARING DENIED JUNE 24, 1980.

*Milton F. Gardner,* for appellant.

*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General, W. Davis Hewitt, Assistant Attorney General,* for appellee.