## 59510. MILLER v. THE STATE.

SOGNIER, Judge.

Miller was convicted by the Superior Court of Whitfield County of aggravated battery and attempted armed robbery. On appeal, he contends (1) the attempted armed robbery indictment is fatally deficient because it did not include the name of the victim and the words "offensive weapon"; (2) the indictment for aggravated battery is fatally deficient because it does not allege the manner in which the victim was disfigured; (3) that it was improper to instruct the jury that a defendant in a criminal case has a right to subpoena any witness he desires to testify in his behalf; and (4) that the trial court erred in denying his motion for a new trial as to the offense of aggravated battery on the general grounds.

1. With regard to Enumerations 1, 3 and 4, the indictment alleging attempted armed robbery stated, in essence, that on October 21, 1978 Miller and William D. Rollins, with intent to commit the crime of armed robbery, entered a building known as the Moose Lodge with pistols and wearing masks, and one of them said "[T]his is a holdup," or words to that effect. The indictment charging Miller with aggravated battery states, in essence, that Miller and Rollins maliciously caused bodily harm to Mike Moreland by seriously disfiguring his body by shooting him in the back. Although appellant contends these indictments are fatally deficient, he cites no legal authority to support his contention.

Code Ann. § 27-701 provides, in pertinent part: "Every indictment of accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury . . ." In regard to the attempt to commit armed robbery, Code Ann. § 26-1001 provides that "[A] person commits criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." The indictment in the instant case states the offense charged (attempted armed robbery) in the terms and language of the Code (§ 26-1001); thus, it is sufficient. The same thing is true as to the indictment for aggravated battery, for Code Ann. § 26-1305 provides that a person commits aggravated battery "when he maliciously causes bodily harm to another . . . by seriously disfiguring his body . . ." As the indictment is laid in those exact terms, it is sufficient. Accordingly, Enumerations 1, 3 and 4 are without merit.

2. Appellant presented no argument and cited no authority in support of enumeration of error 2. Accordingly, the enumeration

will not be considered pursuant to Rule 15 (c) (2) of this court (Code Ann. § 24-3615 (c) (2)).

3. Enumerations 5 and 6 relate to the court's charge to the jury. After the jury retired to deliberate on its findings, they returned to the court and asked why the defendant did not have some of his family at court to testify for him as to where he was rooming. The jury also asked if that (the question) was a legal question. The trial judge correctly responded that he could not answer the question; that the jury would have to base their decision on the evidence presented, and apply the law as charged to such evidence. The jury then asked: "Is it legal that some of the family can testify for a person?" The trial court responded as follows: "Any accused in any criminal case, or in any type of case in Court, has a right to the process of the Court to subpoena any witnesses to testify that they wish to subpoena. Of course, in a criminal case, there is no burden or requirement that the defendant produce any witnesses. The burden, as I have charged you earlier, is on the State to prove the case beyond a reasonable doubt, and the defendant is presumed to be innocent. All accused in all criminal cases do have a right to the process of the Court to subpoena witnesses if they wish to do so. I don't know that this is relevant to your consideration, however. What you should do is take the evidence that you have before you from the witnesses that have testified and the evidence that has been admitted. Taking that evidence, and the law that I've given you in charge earlier, arrive at a decision in the case without speculating about other matters. You should take the evidence that you have, apply the law to it, and arrive at a conclusion and a verdict that speaks the truth."

The answer of the trial judge was in complete accord with Code Ann. § 38-801 (e) which provides that at the request of *any party* subpoenas for attendance at a hearing or trial shall be issued by the clerk of the court in which the hearing or trial is held. Additionally, our Supreme Court has held that such a charge is correct. *Klug v. State,* 77 Ga. 734, 735 (4) (1886). Hence, these enumerations are without merit.

4. In Enumerations of error 7 and 8 appellant contends the evidence did not show a serious disfigurement sufficient to establish the offense of aggravated battery. For the purposes of this enumeration, it is sufficient to state that Mike Moreland, a door guard at the Moose Lodge in Dalton, Georgia was leaving the club when an attempted robbery occurred. Moreland was shot three times after the attempted robbery occurred, resulting in his hospitalization and an operation to remove a bullet from his stomach. Moreland has six scars from the gunshot wounds, plus a large scar from the operation to remove a bullet. Whether such scars constitute serious

disfigurement is a factual issue, and the jury saw the scars and determined that Moreland was seriously disfigured. This court passes on the sufficiency of the evidence, not its weight, which was considered by the jury. *Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978). As the evidence is more than sufficient to support the jury's finding, the enumeration is without merit.

5. Lastly, appellant contends the trial court erred in denying his motion for a new trial on the general grounds as to the offense of aggravated battery, because that offense merged with the offense of attempted armed robbery as a matter of fact. Therefore, he contends the trial court was not authorized to sentence him for aggravated battery. This issue has been decided adversely to appellant's contention by our Supreme Court in *Harvey v. State,* 233 Ga. 41 (1) (209 SE2d 587) (1974) and by this court in the case of *Whitehead v. State,* 144 Ga. App. 836 (3) (242 SE2d 754) (1978).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED FEBRUARY 7, 1980 — DECIDED JUNE 24, 1980.

*Robert B. Adams,* for appellant.

*Stephen A. Williams, District Attorney, Marcus R. Morris, Assistant District Attorney,* for appellee.