## 67669. BARFIELD v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of aggravated battery. He now contends the trial court erred in failing to sequester prosecution witnesses by refusing to instruct them not to discuss the case among themselves, and as a result a prosecution witness was influenced by other witnesses. Appellant also contends error by admitting into evidence a photograph of the victim's body after her appearance was altered by surgery.

1. Appellant claims prejudice in the denial of his request that prosecution witnesses be instructed not to discuss the case with each other after the state invoked the rule of sequestration (OCGA § 24-9-61), because a state witness testified she had discussed the case with other state witnesses. The record discloses that on cross-examination of the victim's nine-year-old daughter, she testified that all of the witnesses outside (in the room where sequestered) had helped her a little bit with her story so she would remember what to say when she testified. Appellant's request to strike this witness' testimony was denied, and appellant contends the court's refusal to instruct the witnesses not to discuss the case and the court's refusal to strike the testimony of the victim's daughter was reversible error. We do not agree.

Violation of the sequestration rule does not affect admissibility of the testimony. *Wright v. State*, 246 Ga. 53 (1) (268 SE2d 645) (1980). "In the interest of clarity and uniformity, in conformity with the trend toward witness competency, . . . we hold that a witness who has violated the rule of sequestration in a criminal case shall not be prevented from testifying." *Jordan v. State*, 247 Ga. 328, 347 (10) (276 SE2d 224) (1981). Appellant's recourse under the circumstances was to seek an instruction informing the jury that the witnesses had possibly violated the rule of sequestration by telling the victim's daughter what to say, and such violation should be considered in determining the weight and credit to be given to her testimony. *Wright,*

*Jordan,* supra.

2. Appellant contends the trial court erred by admitting a photograph into evidence depicting material alterations in the victim's body caused by surgery following the aggravated battery.

Appellant was charged with aggravated battery in that he caused bodily harm to Shirley Barfield "by rendering her body useless and seriously disfiguring the face of said Shirley Barfield . . ." At the time of trial Mrs. Barfield was still hospitalized and the state offered a photograph of her in her hospital bed so the jury could determine if she was seriously disfigured, as alleged. The photograph showed an injury to Mrs. Barfield's forehead. The photograph also showed a bandage over her right eye, a tube to her nose, a device in her mouth (apparently to assist in breathing), and another tube of some type. Appellant contends the photograph was introduced solely to inflame the jury because several witnesses testified as to Shirley Barfield's appearance after she was shot by appellant, and a doctor testified that surgery left a horseshoe shaped scar on Mrs. Barfield's forehead. The doctor also testified that Mrs. Barfield was blind in her right eye; a portion of her brain and some bone had to be removed, resulting in an indentation in her forehead; and a tracheotomy was performed so she could breathe more easily and her lungs could be cleaned out. All of these procedures were necessitated by the gunshot wound inflicted by appellant, and the resulting injuries are permanent.

Photographs which are relevant to any issue in the case are admissible even though they may have an effect upon the jury. *Ramey v. State,* 250 Ga. 455, 456 (1) (298 SE2d 503) (1983). In *Miller v. State,* 155 Ga. App. 54 (270 SE2d 466) (1980), the victim had six scars from gunshot wounds plus a large scar from surgery to remove a bullet. In discussing disfigurement we held: "Whether such scars constitute serious disfigurement is a factual issue, and the jury saw the scars and determined that Moreland was seriously disfigured." Id. at 55-56 (4). Since Shirley Barfield's disfigurement was a relevant issue for determination by the jury and she was unable to appear at the trial, it was not error to admit the photograph. *Ramey,* supra. This is particularly true where, as here, any alterations to Mrs. Barfield's facial features were a direct result of surgery necessitated by the gunshot wound inflicted by appellant.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED MAY 3, 1984.

*Richard H. Bishoff,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English,*

*Jr., J. David Fowler, Assistant District Attorneys,* for appellee.