A90A0246. CAIL v. THE STATE.
(391 SE2d 444)

BANKE, Presiding Judge.

The defendant appeals his convictions of aggravated assault and possession of a firearm during the commission of a crime. *Held*:

1. The victim of the assault was only three years of age at the time of its commission. The defendant complains that, in view of the child's tender age and the lack of any actual dispute over the nature of his injuries, the state should not have been allowed to exhibit him to the jury for the purpose of displaying the scar from his wound. The victim's tender age was not, of course, a circumstance for which the state was responsible. "The injuries sustained in an aggravated assault are relevant to that assault and therefore admissible. . . . 'The Georgia courts have said many times that relevant evidence is not

subject to an objection that it might inflame the minds of the jury or prejudice the jury and this is true even where the offered evidence is only cumulative.'" *Sprouse v. State*, 242 Ga. 831, 833 (252 SE2d 173) (1979), quoting from Agnor's Georgia Evidence, § 10-2, p. 165. This enumeration of error is accordingly without merit.

2. The defendant contends that the trial court erred in charging the jury on the elements of murder. The court gave those instructions in connection with a charge that aggravated assault may be committed by assaulting with intent to murder, rape or rob or by assaulting with a deadly weapon. See OCGA § 16-5-21. The defendant argues that the interjection of the issue of murder into the trial was prejudicial to him because the indictment did not allege an assault with intent to murder but only an assault with a deadly weapon.

This enumeration of error establishes no ground for reversal for two reasons. First, the trial court corrected the asserted error by recalling the jury after they had begun their deliberations and instructing them to confine their considerations "to the indictment as it's charged here, that is, assault with a deadly weapon. . . ." Second, because there was no dispute over the fact that the victim had been shot with a firearm, to the extent the jury may have been misled by the instructions in question they could only have been misled into believing a more stringent standard of proof was required on the issue of criminal intent than was actually the case. " 'Appellant cannot complain of a charge which is beneficial to him.' *Hance v. State*, 245 Ga. 856 (4) (268 SE2d 339) (1980)." *Hood v. State*, 187 Ga. App. 88 (369 SE2d 348) (1988).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED FEBRUARY 20, 1990.

*William R. Folsom*, for appellant.
*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.