### A90A0746. STEELE v. THE STATE.
(396 SE2d 4)

Banke, Presiding Judge.

The appellant was convicted of armed robbery, making terroristic threats, giving a false name to a law enforcement officer, and two counts of aggravated assault. He brings this appeal from the denial of his motion for new trial.

The state's evidence showed that the appellant, accompanied by an unidentified accomplice, entered a personal residence and held a gun on several of its occupants while his accomplice took money from the pockets of at least one of them. There was also testimony that the appellant threatened to kill one of the individuals in the house and that he ultimately fired shots at two persons, wounding one. The appellant fled the scene but was recognized by a police officer at a shopping mall approximately two weeks later and was arrested at that time. The officer's account of the events which preceded the arrest provided the evidentiary support for the appellant's conviction on the charge of giving a false name to a law enforcement officer. *Held*:

1. The appellant contends that the trial court erred in refusing to declare a mistrial after the arresting officer testified that he (the officer) had been responding to a call for assistance "in reference to a shoplifting suspect" when he confronted the appellant at the shopping mall. The appellant did not object to this testimony at the time it was offered but later moved for a mistrial on the ground that it placed his character at issue. The motion was properly denied. "[W]here evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded because it incidentally shows the commission of other crimes." *Bixby v. State*, 234 Ga. 812, 814 (218 SE2d 609) (1975). Moreover, "a mistrial will not lie where evidence is admitted without objection [cit.] and a motion for mistrial not made contemporaneously with the alleged misconduct makes the motion not timely. [Cit.]" *Bennett v. State*, 165 Ga. App. 600, 601 (3) (302 SE2d 367) (1983).

2. The appellant contends that the evidence did not support his conviction of aggravated assault because the individual who was shot was not available to testify at trial, with the result that there was no

evidence that the shooting placed him "in reasonable apprehension of his immediate safety." However, intentionally firing a gun at another, absent justification, is sufficient in and of itself to support a conviction of aggravated assault. See *Williams v. State*, 249 Ga. 6, 8 (287 SE2d 31) (1982). See generally OCGA § 16-5-21 (a) (2). Moreover, the fact that the victim was severely wounded as a result of the shooting certainly supported an inference that he was placed in reasonable apprehension of his immediate safety.

3. The appellant contends that the evidence was insufficient to support his conviction of making terroristic threats because the testimony by the alleged victim of that offense regarding what had been said to him by the appellant was not corroborated, as required by OCGA § 16-11-37. The victim's testimony in this regard was sufficiently corroborated by the evidence concerning the events which transpired immediately before and after the appellant made the asserted threats. "The sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting a defendant with the crime, the verdict is legally sufficient. [Cit.]" *Carter v. State*, 237 Ga. 617, 618 (229 SE2d 411) (1976).

4. The credibility of the witnesses was for the jury. The evidence, construed in the light most favorable to the verdict, was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of each of the remaining offenses of which he was convicted. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 13, 1990 —
REHEARINGS DISMISSED JUNE 28, 1990 AND JULY 12, 1990.

*C. Jackson Burch,* for appellant.
*Spencer Lawton, Jr., District Attorney, Elise O. Gray, Assistant District Attorney,* for appellee.