A91A0792. WATTS v. THE STATE.
(406 SE2d 562)

McMURRAY, Presiding Judge.

An indictment charged defendant Tommy Watts with three counts of aggravated assault, carrying a deadly weapon at a public

gathering, carrying a pistol without a license and carrying a concealed weapon. Defendant entered a guilty plea with regard to each of the weapons charges. Following a jury trial, at which defendant was represented by employed counsel, a guilty verdict was returned upon each of the aggravated assault charges. Sentence was imposed on November 28, 1990, and defendant appeals. The notice of appeal, signed by defendant's new counsel, was dated December 18, 1990. A certificate of service, attached thereto and signed by defendant's new counsel, was also dated December 18, 1990. However, this notice of appeal was not filed in the trial court until December 26, 1990. Neither defendant's trial counsel nor his new counsel filed a motion for a new trial. *Held:*

1. Defendant asserts he was denied effective assistance of counsel in the trial court. Because this assertion was not raised by defendant's new counsel in the trial court (via motion for a new trial) it will not be considered on appeal. *Simpson v. State*, 250 Ga. 365, 367 (2) (297 SE2d 298); *White v. State*, 192 Ga. App. 703 (386 SE2d 56); *Huff v. State*, 191 Ga. App. 476, 477 (2) (382 SE2d 183). "In appropriate cases claims for ineffective assistance of counsel are remanded to the trial court for an evidentiary hearing. [Cit.] However, in determining whether the claim should be remanded we must first decide whether the claim was raised 'at the earliest practicable moment.' [Cit.] Here the record [in the case sub judice] shows that appellate counsel represented appellant at least [10] days before the expiration of 30 days from the entry of judgment on the verdict. . . . At no time before initial appeal rights expired . . . did appellate counsel raise the effectiveness issue in the trial court. Under these circumstances we find the ineffectiveness of counsel claim was not raised 'at the earliest practicable moment'; therefore the issue has been waived. [Cits.]" *Hulett v. State*, 198 Ga. App. 89 (2), 90 (400 SE2d 366).

2. Defendant contends the trial court erred in failing to dismiss a prospective juror for cause in view of her statement that "she would believe any police officer . . . over anyone else. . . ." We disagree. The juror answered affirmatively when asked if "she would fairly consider all the evidence and render an impartial verdict based upon the evidence and the court's charge regardless of who the witnesses were. . . ."

"The trial court has wide discretion in deciding whether a juror should be excused for cause. *Taylor v. State*, 243 Ga. 222 (253 SE2d 191) (1979). The fact that a juror has formed an opinion about the credibility of a witness does not mandate that he be excused for cause. [Cit.] Where an otherwise qualified juror indicates that he can and will fairly evaluate the evidence, the party who wishes to eliminate him must do so by means of the peremptory strike. There was no abuse of discretion in the trial court's failure to strike this prospective

juror for cause." *Foster v. State*, 248 Ga. 409, 411 (283 SE2d 873). See *Strong v. State*, 161 Ga. App. 606, 607 (4) (288 SE2d 921).

3. The trial court did not err in failing to excuse for cause a juror who was exposed to pre-trial newspaper publicity about the case. Asked if she could put the newspaper accounts out of her mind and judge the case based solely on the evidence and the trial court's instructions, the juror responded in the affirmative. See *McKenzie v. State*, 248 Ga. 294, 296 (4) (282 SE2d 95). See *Denney v. State*, 170 Ga. App. 692, 693 (2) (318 SE2d 85).

4. A juror is not subject to being dismissed for cause simply because he or she rendered financial assistance to the victim. *Thacker v. State*, 226 Ga. 170, 177 (7) (173 SE2d 186).

5. Whether or not venue should be changed is a question which is addressed to the sound discretion of the trial court. *Reaves v. State*, 242 Ga. 542, 547 (4) (250 SE2d 376). "[T]he test for determining whether adverse pre-trial publicity has so affected the community that the defendant cannot receive a fair trial is whether the prospective jurors summoned to try the case can lay aside their impressions and opinions and render a verdict based on the evidence presented at trial. Looking to the [evidence presented upon the motion for change of venue and the colloquy elicited upon voir dire], we cannot say that an unbiased and impartial jury was not selected to try the case. We conclude that the trial court did not abuse its discretion in overruling the motion for change of venue." *Johnson v. State*, 242 Ga. 649, 654 (7), 655 (250 SE2d 394).

6. The victim was the first witness to take the witness stand. After she testified, the trial court permitted the victim to remain in the courtroom. We find no error. See OCGA § 24-9-61.1.

7. Defendant contends the trial court erred in permitting a non-expert witness to opine that the victim's wounds were consistent with wounds which would have been inflicted by a .30 caliber bullet. The contention is without merit. Although defense counsel previously grumbled that such testimony could only be offered by an expert, he failed to interpose an objection when the witness offered his opinion. "In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which defendant might have had. Objections made during the preliminary examination of the witness could not be considered as objections to the testimony subsequently given. [Cits.]" *Smith v. State*, 116 Ga. App. 45, 47 (2), 48 (156 SE2d 380).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 17, 1991.

*Neil A. Smith*, for appellant.

*Michael H. Crawford, District Attorney*, for appellee.