S92A1066. McCOY v. THE STATE.
(425 SE2d 646)

BENHAM, Justice.

Appellant was indicted for felony murder and arson in the first degree.[1] His first trial resulted in a conviction for arson in the first

---

[1] The offenses occurred on April 22, 1990, and appellant was indicted in August 1990. He was found guilty of arson in the first degree on October 9, 1990; was found guilty of felony

degree and a mistrial on the felony murder charge due to the jury's inability to reach a verdict. A second trial on the felony murder count resulted in a verdict of guilty. The trial court merged the arson conviction into the felony murder conviction and sentenced only for the felony murder. Appellant asserts on appeal that the trial court erred in refusing to give certain requested jury instructions and that the evidence did not support the verdict.

1. The evidence at trial authorized the jury to find that appellant and his co-indictee left a party and walked to an abandoned house. After exploring the house, and having noticed the presence of a well closed by a wooden cover, appellant borrowed his companion's lighter and deliberately set the house afire. Two volunteer firemen who responded to the fire were directed to take a hose to the back of the house to prevent the fire from spreading to other property. In the darkness and the dense smoke from the fire, one of the firemen fell into the well, the cover of which had been burned in the fire. The well was filled with smoke and ashes and the fireman, unable to obtain sufficient oxygen, died of acute carbon monoxide poisoning associated with smoke inhalation and oxygen depletion.

It being clear from the evidence that appellant deliberately set the house afire, that the victim came to the scene as a direct result of appellant having set the fire, that the protective cover over the well was burned away by the fire appellant set, and that the victim died as a result of breathing the concentrated smoke from the fire which appellant set, we hold that the evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder with arson in the first degree as the underlying felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Appellant's reliance on *State v. Crane*, 247 Ga. 779 (279 SE2d 695) (1981), and *Hill v. State*, 250 Ga. 277 (1b) (295 SE2d 518) (1982), is unwarranted: the felony murder statute was inapplicable in those cases because the deaths were not caused by the defendant but by the victim and a police officer, respectively, whereas the death in this case was directly attributable to appellant's felonious conduct in setting the fire.

2. In four enumerations of error, appellant complains of the trial court's refusal to give certain requested jury instructions. Appellant objected to portions of the jury charge and clearly sought to reserve other objections, but he did not specifically object to the trial court's refusal to give the charges involved in this appeal. The State argues

---

murder on March 20, 1991; and was sentenced to life imprisonment on that same date. A motion for new trial was filed on March 25, 1991, and was denied on March 25, 1992. The appeal was docketed in this court on May 28, 1992, and oral argument was heard on September 14, 1992.

that the objections raised on appeal were waived, citing *Pruitt v. State*, 258 Ga. 583 (14) (373 SE2d 192) (1988), for the proposition that one must either state all objections at trial or reserve all objections for a motion for new trial or an appeal. The use of the word "either" in *Pruitt* arguably gives support to the State's position and may have been the basis for the Court of Appeals' holding in *Dearmore v. State*, 196 Ga. App. 865 (2) (397 SE2d 200) (1990), that

> [w]hen asked by the trial court if he had any exceptions to the charge, an appellant either must state his objections or reserve his right to object on motion for new trial or on appeal; he cannot do both. [Cit.]

However, the case cited in *Pruitt* as authority for the proposition did not use the word "either" in its formulation of the rule:

> In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure . . . of reserving the right to object on motion for new trial or on appeal. [*Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980).]

We find considerable merit in appellant's argument that an expansive interpretation of the rule stated in *Pruitt*, one permitting the defense to make such objections as it wishes at trial and still reserve other objections until motion for new trial or appeal, would advance one of the basic purposes of making objections to jury charges at trial, i.e., giving the trial court an opportunity to perceive and correct any errors before harm is done. We take this opportunity, therefore, to make it clear that defense counsel may object to such portions of jury instructions as are perceived at trial to be error and may also reserve the right to raise additional objections on motion for new trial or on appeal. The contrary statement in *Dearmore v. State*, supra, which was mere dicta since defense counsel there made one objection to a portion of the charge but made no effort to reserve other objections, will not be followed.

Although appellant did not object to the refusal to give the instructions now at issue, he made it unmistakably clear that he reserved his right to assert objections on motion for new trial and on appeal. Accordingly, his objections are preserved for review.

3. However, a careful review of the record persuades us that there was no error in the trial court's refusal of appellant's requested jury instructions.

(a) In support of his effort to show that the victim's death was due not to his criminal conduct in burning the house, but to the negligence of the landowner in leaving an abandoned well unfilled, appel-

lant requested a charge on the duty to fill in abandoned wells (see OCGA §§ 12-5-122; 12-5-134; 44-1-14). The requested charge, however, was not a complete and accurate statement of the law in that it did not specify whose responsibility it was to fill in abandoned wells; indeed, it could be inferred from the requested charge and the evidence that appellant, having discovered the well, was under a duty to report it. The charge also was not adjusted to the evidence since there was testimony that the house appellant burned had not been lived in for approximately ten years, but there was no testimony about the use or disuse of the well so as to render it abandoned. Since the requested charge was not accurate and was not adjusted to the evidence, there was no error in refusing to give it. *Kessel v. State*, 236 Ga. 373 (2) (223 SE2d 811) (1976).

(b) Appellant requested charges on the offenses of involuntary manslaughter, reckless conduct, and criminal trespass, arguing that his conduct could have been found to constitute one of the latter two misdemeanors, authorizing the jury to find him guilty of involuntary manslaughter rather than felony murder. However, the uncontradicted evidence in this case showed the completion of the greater offense of arson in the first degree, rendering it unnecessary that the trial court charge on the lesser offenses. *Jordan v. State*, 239 Ga. 526 (2) (238 SE2d 69) (1977).

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED FEBRUARY 5, 1993.

*Kenneth D. Kondritzer, for appellant.*

*Michael H. Crawford, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General, for appellee.*