## S94A0515. RUSSELL v. THE STATE.
### (441 SE2d 750)

FLETCHER, Justice.

Chaviano Russell was convicted of murder for the shooting death of the victim and sentenced to life in prison.[1] The evidence at trial, considered in the light most favorable to the verdict, showed that on the day of the murder the victim and a friend parked their car behind Russell's van. Russell quickly approached the car and attempted to pull the victim from his seat on the passenger side of the car. The victim ultimately escaped through the driver's side door and as he ran across the street and away from Russell, Russell shot at him at least three times. He died the next day as a result of a single gunshot wound. In a statement to police, Russell admitted shooting the victim as he ran away but claimed the victim had a gun and that the murder was justified. No weapon was found on or near the victim's body and two witnesses testified that the victim was unarmed.

1. Reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Russell guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Russell contends the court erred in granting the state's motion

---

our opinion in *Allen v. Dept. of Human Resources*, 262 Ga. 521 (423 SE2d 383) (1992) in November 1992.

[1] The crime occurred on July 24, 1992. Russell was indicted in November 1992, tried on November 23-24, 1992, and found guilty of malice murder. On December 18, 1992, he filed a motion for new trial which was denied on December 16, 1993. His notice of appeal was filed on December 17, 1993 and the appeal was docketed on January 6, 1994. The case was submitted for decision on briefs on March 24, 1994.

in limine to exclude evidence that the victim had previously been convicted for possession of cocaine. He argues that evidence of this prior conviction is relevant to show that the victim may have been under the influence of cocaine on the day of the murder thereby supporting his defense of justification.

Even assuming the jury could permissibly infer from the victim's prior possession conviction that he used cocaine on the day of his murder,[2] such evidence was not relevant to Russell's defense of justification. OCGA § 24-2-2; *Wilson v. State*, 262 Ga. 588, 590-591 (422 SE2d 536) (4) (1992). Under the facts of this case, the victim's prior possession conviction does not tend to prove a reputation for violence nor the reasonableness of Russell's belief that deadly force was necessary, see *Chandler v. State*, 261 Ga. 402, 407-408 (3) (405 SE2d 669) (1991), and the court properly refused to admit such evidence.

3. Russell's remaining enumerations of error challenge the court's charge to the jury on the issues of circumstantial evidence and credibility of witnesses. In *McCoy v. State*, 262 Ga. 699 (2) (425 SE2d 646) (1993), we held that when the court inquires whether there are objections to its charge defense counsel may preserve his objections to the charge by making specific objections, reserving his right to object to the charge on motion for new trial or on appeal, or by a combination of making specific objections to some portions of the charge and specifically reserving the right to raise additional objections on motion for new trial or on appeal. Here, when asked whether he had objections to the charge, defense counsel stated "None that I can recall at this time, Your Honor." This is insufficient to reserve the right to object on motion for new trial or on appeal, *Cooper v. State*, 188 Ga. App. 297, 298 (2) (372 SE2d 679) (1988) and, therefore, appellate review of the court's charge is barred. *McCoy*, supra; *Rivers v. State*, 250 Ga. 303, 309 (298 SE2d 1) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 18, 1994.

*Franklin H. Thornton,* for appellant.

*Peter J. Skandalakis, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.

---

[2] Despite Russell's statements to the court at the hearing on the state's motion in limine, no evidence was presented that the victim used cocaine on the day of the murder nor any evidence suggesting that his behavior at the time of his murder was influenced by the use of cocaine.