A94A1338. LEWIS v. THE STATE.
(450 SE2d 448)

McMURRAY, Presiding Judge.

Defendant was charged via indictment with four counts of aggravated assault against four victims. The evidence adduced at a jury trial, including defendant's statement to the police, showed the following: On the evening of March 14, 1990, Travis Wright, accompanied by his friend Verrona Stephens, was making a delivery for Pizza Hut, driving his Corvette. The delivery address was a duplex, from which defendant was exiting, carrying a bicycle, as Wright approached to make his delivery. Wright accused defendant of scratching his car with the bicycle. The two exchanged words, which escalated into fisticuffs. Wright left but subsequently returned, ostensibly looking for his hat and a zippered money bag. Wright and defendant

again got into fisticuffs. Verrona Stephens left the scene without waiting for Wright. Wright returned to Pizza Hut and, accompanied by his manager, Linda Freeman, he drove to an address across the street from defendant's, to pick up Verrona Stephens. As she was about to get into Wright's car, defendant "just opened fire on the car[; . . . shooting] five or six times[,]" with a .22 rifle. Sylvia Dawkins, who had previously permitted Verrona Stephens to telephone Travis Wright from her home, testified that Ms. Stephens "came running back [to Dawkins] and knocking and just shaking and screaming. And she said . . . 'Please, my boyfriend done got shot. I know my supervisor have[,] because she fell over.' " Ms. Dawkins affirmed that Ms. Stephens "act[ed] scared. . . ." Meanwhile, in the car, Linda Freeman had been hit in "the left side of the head, behind the ear[. . . and lay] slumped over." Travis Wright took Ms. Freeman's pistol from her purse and "shot a couple of times. Just enough for him to quit so I could take off."

Defendant admitted firing at Wright, claiming self-defense when Wright approached his home with what appeared to defendant to be a pistol hidden behind his back. Defendant claimed he was unaware of the presence of Linda Freeman and Verrona Stephens. The jury found him guilty on Counts 2, 3 and 4 and acquitted him on Count 1. His motion for new trial was denied and this appeal followed. *Held*:

1. Defendant contends the trial court "abused its discretion in allowing [one] victim to remain in the courtroom during the trial." He argues that because this victim, Linda Freeman, was comatose and in a wheelchair as a result of her injuries, her presence "served only to prejudice [him] and deny him a fair trial."

OCGA § 24-9-61.1 (a) provides: "The victim of a criminal offense may be entitled to be present in any court exercising jurisdiction over such offense. It shall be within the sole discretion of the [trial] judge to implement the provisions of this Code section and determine when to allow such victim to be present in such court and, if such victim is permitted to be present, to determine the order in which the testimony of such victim shall be given." Count 4 of the indictment alleged that defendant "did unlawfully make an assault upon the person of Linda Freeman, with a firearm, by shooting the said Linda Freeman with said firearm. . . ." Consequently, Linda Freeman's physical injuries as a result of the shooting were relevant to the allegations. See *Barfield v. State*, 170 Ga. App. 796, 797 (2) (318 SE2d 219); *Miller v. State*, 155 Ga. App. 54, 55 (4) (270 SE2d 466). We find no abuse of discretion. *Watts v. State*, 200 Ga. App. 54, 56 (6) (406 SE2d 562). Compare *Walker v. State*, 132 Ga. App. 476 (208 SE2d 350).

2. In his second enumeration, defendant contends the trial court erred in denying his motion for directed verdict of acquittal as to

Count 2 of the indictment, which alleged that he committed aggravated assault against Verrona Stephens, by shooting a firearm "in the direction of the said Verrona Stephens, which placed [her] in reasonable apprehension of immediately receiving a violent injury. . . ." He argues that because Verrona Stephens did not testify, there is no evidence that she was placed in a reasonable apprehension of receiving an immediate violent injury.

The state of mind of the victim of an assault is a question of fact, which may be established by circumstantial evidence. *McGee v. State*, 165 Ga. App. 423, 425 (3) (299 SE2d 573). In the case sub judice, Ms. Dawkins' testimony that Ms. Stephens fled in terror from gunfire defendant directed at the car she was about to enter is sufficient circumstantial evidence that he placed Ms. Stephens in "a reasonable apprehension of immediately receiving a violent injury," as alleged in the indictment. See *Holbrook v. State*, 168 Ga. App. 380, 381 (2) (308 SE2d 869). Consequently, the trial court did not err in denying defendant's motion for directed verdict as to Count 2 of the indictment. *Cox v. State*, 205 Ga. App. 375 (1) (422 SE2d 68).

3. Defendant's third enumeration contends the trial court erred in denying his motion for directed verdict of acquittal as to Count 4 of the indictment, which alleged that he committed aggravated assault by shooting Linda Freeman. He argues that there is no evidence that any of the seven shots attributed to him was the one which hit Ms. Freeman.

Defendant admitted shooting at the car. It is undisputed that Ms. Freeman was struck by bullets and sustained crippling wounds. Travis Wright testified that he saw she was struck in the left side of the head and slumped over, before he used her pistol to return defendant's fire. This sequence of events is sufficient, beyond a reasonable doubt, to authorize the jury's determination that the bullet which injured Ms. Freeman came from defendant's rifle rather than from the pistol fired by Travis Wright. "The act of intentionally firing a gun at another, in the absence of justification, is sufficient to support a conviction for aggravated assault under [OCGA § 16-5-21 (a) (2)]. *Steele v. State*, 196 Ga. App. 330, 331 (2) (396 SE2d 4). [In the case sub judice, t]he evidence adduced below authorized a rational trier of fact reasonably to find proof of [defendant's] guilt of aggravated assault beyond a reasonable doubt, under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Belins v. State*, 210 Ga. App. 259 (1) (435 SE2d 675). It follows that the trial court did not err in denying defendant's motion for directed verdict of acquittal as to Count 4.

4. Defendant's fourth enumeration contends the trial court erred in not recharging justification without a request when it recharged the definition of aggravated assault. However, the record reveals that the

trial court made direct inquiry as to any exceptions to the recharge. Defendant's counsel responded: "None from the defendant, Your Honor."

"The general rule in this [S]tate is that defendants in criminal cases are not required to except to the jury charge to preserve error for appeal. Code Ann. § 70-207 (a) [now OCGA § 5-5-24 (a)]. If, however, the trial court asks if there are [exceptions] to the charge, defense counsel must . . . state his objections or reserve the right to [except] on motion for new trial or on appeal. *Jackson v. State*, 246 Ga. 459 (271 SE2d 855). . . ." *Rivers v. State*, 250 Ga. 303, 308 (7), 309 (298 SE2d 1). Or defendant may state his immediate objections, "and may also reserve the right to raise additional objections on motion for new trial or on appeal." *McCoy v. State*, 262 Ga. 699, 700 (2), 701 (425 SE2d 646). In the case sub judice, in reply to the trial court's direct inquiry, defendant had no immediate objections to the recharge and failed to reserve the right to raise objections to the recharge in a subsequent motion for new trial or on appeal. Consequently, defendant has failed to preserve this enumeration for appellate review. *Russell v. State*, 264 Ga. 121, 122 (3) (441 SE2d 750). Compare *Paradise v. State*, 212 Ga. App. 166, 169, 170 (4) (a) (441 SE2d 497).

*Judgment affirmed. Pope, C. J., concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I concur in Divisions 2, 3, and 4 and in the judgment. I am troubled, however, by the issue raised in Division 1 of the majority opinion.

It is certainly true that OCGA § 24-9-61.1 (a) places the decision whether to allow a victim to remain in the courtroom squarely within the trial judge's discretion. Georgia case law provides little guidance, however, as to what would constitute an abuse of discretion. In my view, the cases cited by the majority are not exactly on point. In both *Barfield v. State*, 170 Ga. App. 796, 797 (2) (318 SE2d 219) (1984) and *Miller v. State*, 155 Ga. App. 54, 55-56 (4) (270 SE2d 466) (1980), the defendant was charged with aggravated battery under OCGA § 16-5-24 (a) by causing "bodily harm to another . . . by seriously disfiguring [her] body." In those cases the physical condition of the victim was an essential element of the offense. In *Watts v. State*, 200 Ga. App. 54, 56 (6) (406 SE2d 562) (1991), the victim testified (and was then permitted to remain in the courtroom). It is clear, therefore, that her physical condition was in no way comparable to that of the victim in this case.

This court has found no abuse of discretion in allowing the State to exhibit to the jury a three-year-old victim of aggravated assault, for the purpose of displaying the scar from his wound, *Cail v. State*, 194 Ga. App. 584, 585 (1) (391 SE2d 444) (1990), or in permitting the

State to display an infant to the jury, where the defendant was charged with aggravated cruelty to children and aggravated battery. *Harmon v. State*, 208 Ga. App. 271, 272-273 (2) (430 SE2d 399) (1993). On the other hand, we have found an abuse of discretion when relatives of the victim repeatedly disrupted courtroom proceedings with uncontrolled emotional outbursts, *Price v. State*, 149 Ga. App. 397-400 (1) (254 SE2d 512) (1979), and when relatives of the victim were permitted to sit at the prosecution table without a showing by the State that their presence was necessary for an orderly presentation of the case. *Walker v. State*, 132 Ga. App. 476 (208 SE2d 350) (1974).

Although not as prejudicial, perhaps, as the situation in *Price*, supra, the presence in this case of the comatose victim slumped in a wheelchair throughout the trial surely could not have been ignored by the jury. It was likely to disturb and stir them despite having absolutely no probative value. Nevertheless, I can agree with the majority that the trial court did not abuse its discretion in permitting her presence.

The court gave careful consideration to the issue, and endeavored to balance the rights of the victim with those of the defendant. Ultimately, concluding that his discretion was very broad, he allowed the victim to remain but placed sensible restrictions on her presence: no medical attention could be administered to her in the courtroom and she could stay only if she was absolutely quiet. In addition, he gave direction to the State, cautioning it that the victim could be pointed out — introduced, so to speak — to the jury, but not "constantly" referred to during the trial.

It appears clear to me, however, that the real error lies in the prosecution's disregard of this last instruction from the court. The State exceeded the limits set by the court. Indeed, it exceeded the bounds of both responsible prosecutorial conduct and simple fairness. It certainly did far more than point out or "introduce" the victim to the jury; it in fact *did* refer to this victim "constantly." In addition, the State had two different witnesses point out the victim. I believe this was unacceptable in light of the court's direction. It prejudiced and inflamed the jury, and it resulted in "wrong or oppression" sufficient to warrant interference by this court. *Lemley v. State*, 245 Ga. 350, 353-354 (3) (264 SE2d 881) (1980).

Unfortunately, however, the defense objected only once to the State's actions in this regard, and that objection was not made on the ground that the State had exceeded the limits set by the court. Any error inherent in the State's conduct therefore was not preserved for review. As a result, I am constrained to agree with the majority that the judgment must be affirmed.

DECIDED NOVEMBER 9, 1994.

*Kathleen R. Kaye, Morris S. Robertson,* for appellant.
*Ralph M. Walke, District Attorney, L. Craig Fraser, Assistant District Attorney,* for appellee.