## 76148. HOOD v. THE STATE.
### (369 SE2d 348)

BENHAM, Judge.

Indicted for entering an automobile in violation of OCGA § 16-8-18, appellant was found guilty but mentally ill. On appeal, his only enumeration of error is that the trial court's charge on the verdict of guilty but mentally ill misstated the degree of proof required.

The trial court instructed the jury that it would be authorized to find appellant guilty but mentally ill if it believed beyond a reasonable doubt that appellant was guilty, but believed "by a preponderance of the evidence that the Defendant was mentally ill at the time of the commission of the offense." It is clear from the Supreme Court's opinion in *Spivey v. State*, 253 Ga. 187 (2) (319 SE2d 420) (1984), that, under OCGA § 17-7-131 (c) (2), both guilt and mental illness must be proved beyond a reasonable doubt. We must agree, therefore, that the trial court's charge was erroneous.

We do not agree, however, that the error requires reversal. The Supreme Court also made it clear in *Spivey* that since mental illness is not an element of the underlying offense, the burden of persuasion as to that issue is on the defendant and, further, that the statutory requirement that such mental illness be proved beyond a reasonable doubt is not constitutionally infirm. Since the trial court's error had the effect of reducing the burden appellant bore of showing mental illness, it was beneficial and does not require reversal. "Appellant cannot complain of a charge which is beneficial to him." *Hance v. State*, 245 Ga. 856 (4) (268 SE2d 339) (1980).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 6, 1988.

*John O. Ellis, Jr.,* for appellant.

*Robert E. Wilson, District Attorney, J. Michael McDaniel, Helen A. Pryles, Assistant District Attorneys,* for appellee.