A96A1342. WRIGHT v. THE STATE.
(475 SE2d 670)

McMurray, Presiding Judge.

Defendant Wright appeals his conviction of robbery by sudden snatching in violation of OCGA § 16-8-40 (a) (3). *Held*:

1. On March 24, 1995, a man wearing dark pants and a white t-shirt entered a doctor's office waiting room. The man spoke to a receptionist, asked directions of an assistant and then as he ran out of the office snatched a purse from Audrey Rene Justice. Mrs. Justice's brother and a phlebotomist employed in the office chased the purse snatcher. Several witnesses in the doctor's office saw the man enter the office, commit the crime, and flee. After a short pursuit during which the pursuers lost sight of the purse snatcher, defendant was detained by police and brought to the doctor's office in a patrol car approximately 15 minutes after the crime occurred. During a one man showup, defendant was identified by the victim and other witnesses as the purse snatcher.

Defendant's motion in limine sought to exclude any testimony concerning or resulting from the one person showup. The denial of this motion is the basis of defendant's first enumeration of error.

Applying the test utilized in *State v. Frye*, 205 Ga. App. 508, 509 (2) (422 SE2d 915) to determine whether identification evidence should be excluded and pretermitting the threshold inquiry as to whether the identification procedure was impermissibly suggestive, we address the issue of whether the procedure resulted in any substantial likelihood of irreparable misidentification. The victim and other witnesses were afforded an unobstructed view of defendant from a short distance when he entered and circled the physician's waiting room. Defendant spoke to one of the witnesses, the doctor's receptionist. Several of the other witnesses testified that they got a good look at him as he moved about the waiting room. Defendant was returned to the scene within such a short time after the crime that apparently no descriptions of the perpetrator were obtained from the witnesses prior to the showup. The witnesses who viewed the showup of defendant shortly after the crime were highly confident of their initial identification of defendant as the perpetrator. Under these cir-

cumstances, we conclude that there existed no substantial likelihood of misidentification. *Montgomery v. State*, 210 Ga. App. 147, 148 (3) (435 SE2d 510).

Furthermore, the in-court identifications of several witnesses were shown to be of "independent origin" so that this evidence would have been admissible even if there had been some taint arising from the pre-trial identification procedure. This was in addition to the testimony of three witnesses who did not participate in the showup, two of whom were positive of their in-court identification of defendant, and the third who stated that defendant looked a lot like the perpetrator but was not positive of his identification. Id. at 149 (3) (b).

Accordingly, the trial court did not err in denying the defendant's motion in limine. The totality of the circumstances including the short length of time between the robbery and the identification, the fact that the waiting room was very small and well lighted, and the fact that the on-the-scene showup was immediately following the robbery and apprehension supports this result.

We also conclude that there was ample proof of defendant's guilt of the crime of which he was charged, including the testimony of at least six witnesses who positively identified defendant as the perpetrator. The evidence was sufficient to satisfy the standard of review on appeal under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) in that a rational trier of fact was authorized to find defendant guilty beyond a reasonable doubt of robbery by sudden snatching.

2. The defendant contends the trial court erred in admitting a pair of shoes into evidence. A police detective testified that he remembered the shoes, which had red markings on them, as those which defendant was wearing at the time of his arrest. The officer also testified that prisoners were allowed to retain possession of their shoes and that when he picked up defendant's clothing prior to trial he had instructed deputies to obtain defendant's shoes from his cell. But the officer had no personal knowledge that the shoes offered in court had been in the possession of or belonged to defendant. In view of the instructions given by the officer, there is strong circumstantial evidence that the shoes then provided to the officer were defendant's and thus admissible. *Jones v. State*, 190 Ga. App. 416, 417 (2) (379 SE2d 189).

Nonetheless, if the admission of the shoes into evidence was error, it was not harmful. In view of the large number of witnesses who identified defendant as the perpetrator with a high degree of confidence, it is highly unlikely that the absence of the shoes from the trial evidence would have resulted in a verdict of acquittal. *Huckeba v. State*, 217 Ga. App. 472, 476 (5), 477 (458 SE2d 131); *Toledo v. State*, 216 Ga. App. 480, 482 (5), 483 (455 SE2d 595).

3. The defendant also contends that the trial court erred in "failing to properly instruct the jury on the highly prejudiced nature of a one-on-one show-up." However, defendant waived the issues which he would now argue when his trial counsel stated in response to a query by the trial court that he had no objection to the jury charge.

"The general rule in this State is that defendants in criminal cases are not required to except to the jury charge to preserve error for appeal. Code Ann. § 70-207 (a) (now OCGA § 5-5-24 (a)). If, however, the trial court asks if there are (exceptions) to the charge, defense counsel must . . . state his objections or reserve the right to (except) on motion for new trial or on appeal. *Jackson v. State*, 246 Ga. 459 (271 SE2d 855). . . .' *Rivers v. State*, 250 Ga. 303, 308 (7), 309 (298 SE2d 1). Or defendant may state his immediate objections, 'and may also reserve the right to raise additional objections on motion for new trial or on appeal.' *McCoy v. State*, 262 Ga. 699, 700 (2), 701 (425 SE2d 646). In the case sub judice, in reply to the trial court's direct inquiry, defendant had no immediate objections to the [charge] and failed to reserve the right to raise objections to the [charge] in a subsequent motion for new trial or on appeal. Consequently, defendant has failed to preserve this enumeration for appellate review. *Russell v. State*, 264 Ga. 121, 122 (3) (441 SE2d 750). Compare *Paradise v. State*, 212 Ga. App. 166, 169, 170 (4) (a) (441 SE2d 497)." *Lewis v. State*, 215 Ga. App. 161, 163 (4), 164 (450 SE2d 448). Consequently, defendant's enumeration of error on this issue is without merit.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED AUGUST 27, 1996.

*W. Lee Robinson*, for appellant.

*Charles H. Weston, District Attorney, Laura D. Hogue, Assistant District Attorney*, for appellee.