A97A1078. POWELL et al. v. THE STATE.
(491 SE2d 135)

Judge Harold R. Banke.

James Allen Powell was charged with three counts of felony murder and one count of aggravated assault. He was convicted of involuntary manslaughter and aggravated assault. His son and business partner, James Lamar Powell, was charged with aggravated assault and criminal trespass. He was convicted of aggravated assault. On appeal, they enumerate six errors.

The evidence, viewed in the light most favorable to the verdict, revealed that the charges arose after the Powells finished bricking the front facade of the Dekalb Collision Center. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996). The day prior to the offenses, the younger Powell learned that he and the Collision Center's owner, Mark Watkins, disagreed on the amount owed.

On the morning of the offenses, the defendants arrived at the Collision Center in separate trucks while Watkins was pressure washing his new brick wall. After the younger Powell asked Watkins why he had not paid the day before, Watkins replied, "because they doubled the price." The younger Powell then responded, "Well, I'm going to have to take my brick back." He retrieved a sledgehammer from his truck, walked toward Watkins, and swung it, breaking the glass door next to Watkins. In the meantime, the older Powell assailed the brick work with an axe and then swung it at Rick Akins, Collision Center's manager.

At that point, a number of Collision Center employees, including the deceased victim, Henry Foster, converged and entered into the fracas. One employee tried to spray the Powells with the pressure washer. Shortly after Watkins took the axe from the elder Powell, he noticed Foster lying in a flower bed. Eventually, the Collision Center employees subdued the Powells and called the police. Upon discovering that Foster was unconscious, with an injury to his eye, Watkins accused the elder Powell of killing Foster with the axe. After Powell

denied the accusation, the employee with the pressure washer stated that he might have struck Foster in the eye with it.

The associate medical examiner listed the cause of death on Henry Foster's death certificate as blunt head trauma. He theorized that the skull was fractured when struck near the eye with the blunt end of the axe blade. The State maintained that either before or after Powell swung at Akins and hit him in the arm, he also hit Foster in the face with the axe butt. *Held*:

1. The trial court did not abuse its discretion in admitting State's Exhibits S-55 through S-63. *Stephens v. State*, 214 Ga. App. 183, 185 (4) (447 SE2d 26) (1994). These exhibits were photographs of the State's experiments with a similar pressure washer, a melon and a skull to determine if the water was capable of peeling bone away. The elder Powell contends that the water pressure wand used in the experiment was not sufficiently similar to the one at issue. The wand on the pressure washer at the time of the offenses had broken off, and investigators replaced it with a wand which had the same type tip.

Any dissimilarities between the conditions of a particular experiment and the actual occurrence go to weight rather than the admissibility of the evidence. Id. Moreover, because it appears that Powell failed to challenge the investigator's testimony as to the results of these experiments, a showing of harm from the photographs' admission was not established. *Goodwin v. State*, 208 Ga. App. 707, 709 (2) (431 SE2d 473) (1993).

2. The trial court correctly charged that civil remedies were available to resolve the controversy about the amount owed for the brick work on the facade.[1] *State v. Moore*, 243 Ga. 594 (2) (255 SE2d 709) (1979). Notwithstanding the Powells' argument to the contrary, the charge assumed no facts as to what was proved and therefore did not constitute an improper comment on the evidence in violation of OCGA § 17-8-57. *Beam v. State*, 265 Ga. 853, 857 (5) (463 SE2d 347) (1995). In any event, the instruction related to the property damage and trespass charges, both of which were resolved favorably to the Powells. Thus, any error would have been harmless. *Marks v. State*, 210 Ga. App. 281, 284 (5) (435 SE2d 703) (1993).

3. The trial court did not commit reversible error by charging on transferred intent. The court gave the pattern jury instruction on transferred intent. Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II, p. 11 (1996). The charge applied solely to the senior Powell, who argues that he lacked an intent to harm

---

[1] The court charged the jury as follows: "The defendants have a civil remedy for the issue of whether money was owed to them for the work they did at the Dekalb Collision Center."

anyone. Because the jury convicted Powell of involuntary manslaughter, an inherent rejection of the State's theory that he acted intentionally with regard to Henry Foster, we fail to see how Powell was harmed by the charge. See *Ayers v. City of Atlanta*, 221 Ga. App. 381, 382 (2) (471 SE2d 240) (1996).

4. We reject the junior Powell's challenge to the sufficiency of the evidence of his aggravated assault on Watkins. Powell's conviction required proof of two essential elements: (1) an assault, as defined in OCGA § 16-5-20, and (2) aggravation by use of a deadly weapon. *King v. State*, 213 Ga. App. 268 (444 SE2d 381) (1994). The relevant elements of assault under OCGA § 16-5-20 are (1) an attempt to commit a violent injury to the person of another or (2) commission of an act which places another in reasonable apprehension of immediately receiving a violent injury.

Watkins testified that after exchanging words about the cost of the brick work, Powell "came at" him with a sledgehammer and swung it. The sledgehammer hit the door next to Watkins, shattering the glass. We find this evidence sufficient, when viewed in the light most favorable to the verdict, to permit the jury to find all the essential elements of the crime. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). Powell seeks a reweighing of the evidence. This we cannot do. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994).

5. Nor was the evidence insufficient to support the senior Powell's involuntary manslaughter conviction. The only disputed question on this count was who delivered the blow that killed Henry Foster. See OCGA § 16-5-3 (a).

The associate medical examiner testified that Foster's skull was fractured by a blow near his eye from the blunt end of the axe blade. He compared each possible weapon at the scene with the injury and concluded that only the axe blade could have delivered the fatal blow. He also observed that Henry Foster's shirt was dry, undermining the defense's pressure washer theory. Testimony of the State's experiments with the pressure washer, the melon, and the skull also countered that theory. This evidence, viewed in the light most favorable to the verdict, was sufficient to exclude every other reasonable theory so as to justify a finding of guilt beyond a reasonable doubt and to warrant the jury's rejection of the defense's experts. See *Posey v. State*, 215 Ga. App. 565, 566-567 (2) (451 SE2d 463) (1994).

6. We reject the senior Powell's contention that the evidence was insufficient to support his conviction for the aggravated assault of Akins. Watkins testified that he saw Powell swing an axe at Akins. Akins and several other witnesses corroborated this testimony. The jury was entitled to disregard Powell's testimony to the contrary. *Hopkins v. State*, 222 Ga. App. 157 (473 SE2d 267) (1996).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED AUGUST 8, 1997 — 

*Lee Sexton & Associates, Lee Sexton, Robert L. Ferguson,* for appellants.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Elisabeth G. Macnamara, Assistant District Attorneys,* for appellee.