A97A1588. BROWN v. THE STATE.
(492 SE2d 555)

JOHNSON, Judge.

Dwayne Brown was charged with rape, aggravated assault with intent to rape, child molestation, and cruelty to children. A jury found him guilty of child molestation and attempt to commit statutory rape. In this appeal, Brown contends the trial court erred in sub-

mitting the statutory rape charge to the jury and in failing to instruct the jury he could be convicted of either child molestation or attempted statutory rape, but not both. We affirm.

Viewed in the light most favorable to the verdict, the evidence shows Brown had sexual intercourse with the victim, a 15-year-old girl. The victim testified she willingly kissed Brown, but when she resisted his efforts to have intercourse, he overcame her resistance by force. Her memory of the incident was not good, however, because she admitted being extremely intoxicated at the time. Brown admitted to a sheriff's investigator he attempted to have intercourse with the victim, but claimed he had been unable to do so because of his own intoxication. A friend of the victim testified she discovered the victim lying face up, with her jeans and underpants down around her knees, and Brown lying face down on top of her.

Count 1 of the indictment charged Brown "with the offense of RAPE (16-6-1) for that the accused [on the date in question] did unlawfully then and there have carnal knowledge of [the victim], a female under the age of 16 years and not his spouse, forcibly and against her will." Though this count listed the Code section only for forcible rape, OCGA § 16-6-1, it alleged facts relevant to both that offense and statutory rape, defined in OCGA § 16-6-3. The age of the victim and the fact she was not Brown's spouse were relevant only to statutory rape, because neither age nor marital relationship is a defense to forcible rape. See OCGA § 16-6-1 (a). On the other hand, the allegation of "forcibly and against her will" was relevant only to forcible rape under OCGA § 16-6-1, because it is unnecessary to prove force or lack of consent in order to obtain a conviction for statutory rape under OCGA § 16-6-3. See *Drake v. State*, 239 Ga. 232, 233 (1) (236 SE2d 748) (1977).

Because a person under the age of 16 cannot legally consent to sexual intercourse (see *Luke v. State*, 222 Ga. App. 203, 206 (474 SE2d 49) (1996) (fn. 2 and accompanying text)), the trial judge granted the state's motion in limine to prevent Brown from introducing evidence tending to show the victim consented to have intercourse with him. Later, in the charge conference, the court and counsel for both sides discussed issues raised by the order in limine and the drafting of Count 1. The state wanted the case to go to the jury under a forcible rape theory, not a statutory rape theory, because OCGA § 16-6-3 (a) (statutory rape) requires corroboration of the victim's testimony while OCGA § 16-6-1 (forcible rape) does not. However, the state also wanted the jury to be charged that the "forcibly and against her will" language of OCGA § 16-6-1 could be satisfied merely by proof the victim was under the age of consent. The trial court characterized the prosecutor's position as wanting to "have

your cake and eat it too."[1] The defense moved for a directed verdict or mistrial, complaining that statutory rape under OCGA § 16-6-3 should not be charged to the jury because it was not referred to in the indictment, and forcible rape under OCGA § 16-6-1 should not be charged to the jury because the defense had been prohibited from introducing evidence of consent.

Without explicitly ruling on Brown's motion, the judge proceeded to charge the jury on forcible rape, statutory rape, and criminal attempt. After beginning its deliberations, the jury requested further instructions, and the judge again instructed them on both of the rape offenses and attempt. As mentioned above, the jury found Brown guilty only of child molestation and attempt to commit statutory rape.

1. Though Brown presents three enumerations of error, his brief contains only one continuous argument instead of the separate arguments required by Court of Appeals Rule 27 (c) (1). In an extreme case, the failure to present arguments in the format specified by our rules may result in a refusal by this Court even to consider one's arguments. See *Whisenhunt v. State*, 172 Ga. App. 742, 744 (5) (324 SE2d 570) (1984). In this case, however, we will address Brown's enumerations of error based on what we perceive his arguments to be.

2. In his first two enumerations of error, Brown contends the judge should not have charged the jury on statutory rape or attempt to commit statutory rape because the indictment referred only to OCGA § 16-6-1, not to OCGA § 16-6-3, and statutory rape under the latter Code section is not a lesser offense included in forcible rape under the former. See *Hill v. State*, 246 Ga. 402, 405 (III) (271 SE2d 802) (1980).

We disagree with Brown's conclusion. The issue is not whether one form of rape is a lesser offense included in the other, but whether the indictment put Brown on notice of the conduct with which he was charged, so he could intelligently prepare his defense and be protected from double jeopardy. See *State v. Eubanks*, 239 Ga. 483, 484-485 (238 SE2d 38) (1977). "[A]n inconsistency between the denomination and the allegations in the indictment is an imperfection, but is one that is subject to a harmless error test on appeal. . . . It is immaterial what the offense is called, if the averments of the pre-

---

[1] Moreover, a forcible rape conviction requires proof of *both* force *and* lack of consent. They are not the same thing. See *Drake*, supra at 232-234 (1), stating lack of consent in a forcible rape case may be shown by proving the victim was younger than the age of consent, but force must be shown by evidence of acts of force, mental coercion, or incapacity (based on factors other than age) of the victim. *Drake* was criticized in *Luke*, supra at 203-206 (1) (a), (b) and *Cooper v. State*, 180 Ga. App. 37, 38-39 (1) (348 SE2d 486) (1986), but has not been overruled.

sentment are such as to describe an offense against the laws of the state. It is not the name given to the bill which characterizes it, but the description in the averments of the indictment." (Citations and punctuation omitted.) Id. at 484.

The facts of *Eubanks* are instructive. In that case, the indictment stated Eubanks was charged with theft by deception (former Code Ann. § 26-1803), but recited facts constituting not that offense but theft by conversion (former Code Ann. § 26-1808). The jury found Eubanks guilty of theft by conversion, and the Supreme Court of Georgia affirmed because he had been put on notice of the acts he was alleged to have committed. Id. at 484, 489. Similarly, the indictment in this case put Brown on notice he was charged with having sexual intercourse with a female under the age of 16. The jury found him guilty of attempting to do precisely that.

Moreover, Brown's attorney specifically acknowledged that, regardless of the statute heading and name of the offense in the indictment, he had notice that Brown was being charged with statutory rape. During the jury charge conference, the following colloquy took place: "THE COURT: Well, wait a minute let me backtrack all of this. Mr. Ray, the mere fact that they put down [rape], they charged in the indictment in fact [statutory rape], just like I said. But you went ahead and added in there "forcibly and against her will." They used the language "not the spouse," which is [rape]. I'm going to charge [rape] — I mean, [statutory rape]. The — you were on notice that they were proceeding under the other section. MR. RAY: Correct." Thus, Brown is unable to show prejudice resulting from the improper name given the actual charge in his indictment. As in *Eubanks*, we find that "[a]ny error in failing to give [Brown] a 'perfect' indictment is subject after trial to a harmless error test, and was manifestly harmless." Id. at 489.

In addition, a variance between the Code section cited and the allegations specified goes only to the form of the indictment, and a defendant waives any objection to its form if he does not raise the objection in a written motion before entering a plea on the merits. See *Phillips v. State*, 215 Ga. App. 526 (2), 527 (451 SE2d 517) (1994); see generally *Echols v. State*, 187 Ga. App. 870 (371 SE2d 682) (1988). Brown filed no such timely written motion. Brown's first two enumerations of error are without merit.

3. Brown contends the trial court erred in failing to instruct the jury the child molestation charge merged with the attempted statutory rape charge. See generally OCGA § 16-1-7 (a) (1). When the trial judge asked if Brown had any exceptions to the jury charges, however, Brown neither raised this issue nor reserved the right to raise objections in a motion for new trial or on appeal. He therefore waived any error that was not a "substantial error . . . which was harmful

as a matter of law." OCGA § 5-5-24 (c); see *Wright v. State*, 222 Ga. App. 613, 615 (3) (475 SE2d 670) (1996). There was no error of this magnitude because Brown received identical, concurrent sentences on the two counts of which he was convicted.

Moreover, "[a]s this charge concerns an issue which must be resolved by the court, not the jury, the trial court did not err by refusing to give the requested charge." *Sanders v. State*, 212 Ga. App. 832 (2) (442 SE2d 923) (1994); see generally *Diamond v. State*, 267 Ga. 249, 251 (3) (b) (477 SE2d 562) (1996). We do not need to address whether the trial court was ultimately correct in entering separate convictions on the two offenses because Brown has failed to allege any error in his sentencing and has raised no merger issue other than the jury charge issue just discussed. In addition, the record is devoid of any evidence showing that Brown objected to his sentence, and by not raising the objection below, Brown would have waived his right to object to his sentence. See *Henderson v. State*, 218 Ga. App. 311, 312 (3) (460 SE2d 876) (1995); *Hall v. State*, 200 Ga. App. 585, 588 (5) (409 SE2d 221) (1991). This enumeration of error is therefore also without merit.

*Judgment affirmed. Pope, P. J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED SEPTEMBER 19, 1997 —
RECONSIDERATION DISMISSED OCTOBER 8, 1997.

*Robert M. Ray, Jr., Michael K. McKinney*, for appellant.
*Roger Queen, District Attorney, William B. Britt, Assistant District Attorney*, for appellee.