## A98A2064. RAMEY v. THE STATE.
(510 SE2d 358)

Judge Harold R. Banke.

Willie Claude Ramey was convicted of kidnapping with bodily injury, two counts of kidnapping, sexual battery, and armed robbery. He enumerates five errors on appeal.

This case arose after the victim's car broke down on Interstate 20. The 19-year-old victim and her 14-year-old brother were driving from their North Carolina home to visit the victim's fiance, who was stationed in Biloxi. After the car was towed to a gas station at the nearest exit, the victim added oil and water and attempted to continue, but the car stalled again on the entrance ramp. The victim walked back to the gas station and called her fiance, who instructed her to wait there and he would pick her up in five hours.

After approximately four hours, Ramey approached the victim and her brother and offered to fix the car. As the victim and her brother entered Ramey's car, they realized that two other men, Ramey's co-defendants, were inside. After Ramey failed to start the victim's car, the victim asked him to drive them back to the gas station. Instead, Ramey got in the back seat and his co-defendant accelerated the car onto the interstate. Then the man in the passenger seat pulled a gun and pointed it at the victim's head. He demanded money, and the victim gave him $200. Then he forced her to strip, and threw all her clothing out the window as she begged for her brother's release. Moments later, Ramey forced her to relinquish her diamond earrings, and fondled her left breast and vaginal area.

The car finally stopped on a isolated rural road. There the men forced the brother to say the alphabet backward and forward, threatening to shoot him if he made an error. Then the man with the gun forced the victim to perform oral sex on him. The other co-defendant began anally sodomizing her and then the two men changed places several times while Ramey held the gun to the brother's head. The assaults stopped when the victim lost control of her bowels and one of the men kicked her. Then Ramey licked her temple and instructed her to turn around and prepare to die. After the victim told her brother she loved him and was sorry for getting them into this, the three men unexpectedly drove away. Brother and sister walked until they found a house and assistance. The victim was subsequently able to identify her assailants from a videotape the police provided. *Held*:

1. Ramey contends that the evidence was insufficient to show he was a party to the crimes of kidnapping or armed robbery because he, too, was kidnapped and feared harm from the gun. But the record, viewed in the light most favorable to the verdict, refutes this argument. The victim's testimony established that Ramey's involvement in the offenses constituted aiding and abetting. OCGA § 16-2-20 (b) (3). Ramey initiated the contact with the victim and her brother, forced her to give him her earrings, fondled her, held the gun on her brother while the co-defendants brutally sodomized her, and counted the money the victim surrendered. See *Tanner v. State*, 230 Ga. App. 77-78 (1) (495 SE2d 315) (1997). The victim testified that the gun was never pointed at Ramey. Such evidence authorized the rejection of any claim that Ramey was a victim. *Powell v. State*, 228 Ga. App.

56, 58 (6) (491 SE2d 135) (1997).

2. Ramey argues that the trial court's instruction on the definition of a crime confused the jury by charging that a crime could consist of an omission to act or criminal negligence, two elements not involved in this case.[1] The record shows that Ramey failed to object to the charge, which mirrored the language of OCGA § 16-2-1. *Brown v. State*, 228 Ga. App. 748, 751-752 (3) (492 SE2d 555) (1997). In view of the charge as a whole, which properly instructed on the burden of proof and the elements of the crimes and omitted the language at issue in a recharge, we find no substantial error requiring our review under OCGA § 5-5-24 (c). *Medina v. State*, 234 Ga. App. 13, 15 (2) (505 SE2d 768) (1998); *Holland v. State*, 172 Ga. App. 444, 445 (2) (323 SE2d 632) (1984).

3. Ramey maintains his trial counsel was ineffective for (1) failing to object to the State's inclusion of facts not in evidence in its closing argument; (2) failing to object to the jury charge on the definition of a crime, which included instructions on an omission to act and criminal negligence; and (3) abandoning a challenge to the array of the grand and petit juries. The record shows that appellate counsel chose not to file a motion for new trial and did not seek a hearing on the ineffectiveness issue in the trial court, notwithstanding the fact that he appeared at a hearing before the trial court on another issue and was appointed to represent Ramey in this appeal months prior to the hearing.

Ineffectiveness claims must be raised at the earliest practicable moment. *Howard v. State*, 233 Ga. App. 724, 730 (7) (505 SE2d 768) (1998). Thus, such claims must be raised before appeal if the opportunity to do so is available. *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996). The ability to raise the ineffectiveness issue in a motion for new trial presents just such an opportunity and the failure to seize it procedurally bars any attempt to raise the issue at a later time. Id. It follows that Ramey's ineffectiveness issues were waived. *Howard*, 233 Ga. App. at 730 (7).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED DECEMBER 7, 1998 —
RECONSIDERATION DISMISSED FEBRUARY 18, 1999.

*L. Stanford Cox III*, for appellant.
*Alan A. Cook, District Attorney*, for appellee.

---

[1] The charge was read as follows: "This defendant is charged with a crime against the laws of this state. A crime is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence."