## S95A1933. LAKES v. THE STATE.
### (467 SE2d 566)

FLETCHER, Presiding Justice.

A jury convicted Eric Lakes of malice murder in the shooting death of Royce Clark.[1] Lakes claims that his trial counsel was ineffective in violation of his constitutional right to counsel. Because Lakes has not shown how his attorney's performance prejudiced his defense, we affirm.

1. The state presented evidence that Lakes went running after Clark and two other men as they walked around an apartment building to a parking lot behind the building. Clark's companions testified that Lakes pointed a gun at each of them while they were seated in a car and clicked it, but that it failed to fire. After Lakes hit Clark with the gun, Clark grabbed the gun's barrel and attempted to get out of the car, but stumbled. Lakes fired the gun at Clark, hitting him in the chest. Lakes then backed up to his car and drove away. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Lakes guilty of the crimes charged.[2]

2. The Sixth Amendment guarantees the right to effective assistance of counsel.[3] To establish a claim of ineffective assistance at trial requiring reversal of a conviction, a criminal defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.[4] Judicial review of counsel's performance should be highly deferential with substantial latitude given trial counsel in deciding trial strategy.

Lakes has failed to show that there is any reasonable probability that the jury would have reached a different result but for his trial counsel's performance. Although he complains about his counsel's failure to impeach the state's witnesses on bias and their prior convic-

---

[1] The crimes occurred on October 14, 1992, and a grand jury indicted Lakes on February 9, 1993. A jury returned a verdict of guilty on May 14, 1993, and the trial court sentenced Lakes to life imprisonment on the malice murder charge and five-year concurrent sentences on two weapons charges. Lakes filed a motion for new trial on June 8, 1993. The trial court denied Lakes' motion on June 30, 1995, and Lakes filed a notice of appeal on July 31, 1995. The case was docketed on August 30, 1995, and orally argued on November 14, 1995.

[2] See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *McMann v. Richardson,* 397 U. S. 759 (90 SC 1441, 25 LE2d 763) (1970).

[4] *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

tions, Lakes' attorney chose not to question the state's witnesses about their prior convictions as part of a legitimate trial strategy. He testified that he wanted to avoid emphasis on drug activity as a possible motive for the killing and to prevent Lakes' character from being an issue at trial. He did cross-examine the state's witnesses adequately about prior threats towards Lakes, contradictions in their versions about the shooting and its aftermath, and Lakes' theory of self-defense. Moreover, Lakes has failed to show prejudice from trial counsel's failure to subpoena his girl friend as a witness or to call other witnesses about prior threats made against Lakes since Lakes' girl friend testified at trial and the state's witnesses acknowledged that one of Clark's companions threatened Lakes on the day of the shooting.

Similarly, Lakes has not shown prejudice in connection with his counsel's failure to request certain jury charges or object to the charge given. The trial court correctly charged the jury on Lakes' justification defense; the charge did not place Lakes' character in issue; and the trial court did not express any opinion on the murder charges. In addition, the record does not support a voluntary manslaughter or accident charge that Lakes asserts should have been given.

3. The trial court did not abuse its discretion in refusing to conduct an in camera inspection of the state's file after the trial.[5] The state's file was open to Lakes, and his trial counsel reviewed the file in preparing for trial.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 11, 1996.

*Ronald J. Scholara, Timothy R. Saviello,* for appellant.
*Lewis R. Slaton, District Attorney, Donald P. Geary, Carl P. Greenberg, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.

---

[5] See *Crowe v. State*, 265 Ga. 582, 587 (458 SE2d 799) (1995).