## A98A2254. HAWKINS v. THE STATE.
### (512 SE2d 59)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of statutory rape, aggravated child molestation and two counts of sodomy. The victim was 13 years old at the time of trial. She testified that defendant committed acts which constitute the charged offenses and that he committed these acts while residing as a guest with the victim's mother, the victim and the victim's sister and aunt. The victim's mother and aunt testified that they confronted defendant during the evening of August 2, 1993, when the victim informed them about defendant's crimes; that defendant then admitted to sexually assaulting the victim, and that they struck defendant (with their hands, a fan and a frying pan) after this admission and used a shotgun to prevent him from fleeing arrest. A physician testified that a physical examination of the victim revealed signs consistent with

sexual abuse.

This appeal followed an order granting defendant's motion for out-of-time appeal.[1] *Held*:

1. Defendant asserts in his first two enumerations of error that his trial attorney was ineffective because he failed to subpoena certain "schoolmates" of the victim who would have testified at trial that the victim had falsely accused others of sexually molesting her. These assertions are without merit.

Although defendant's trial attorney testified that he "failed to render effective representation" at trial by not calling certain witnesses, this attorney admitted that he believed before the jury's guilty verdict that he was employing a "winnable [trial] strategy. . . ." " 'The determination as to which defense witnesses will be called is a matter of trial strategy and tactics. Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result.' (Citations and punctuation omitted.) *Etheridge [v. State*, 210 Ga. App. 96, 98 (435 SE2d 292)]." *Wallace v. State*, 228 Ga. App. 686, 690 (4), 691 (492 SE2d 595).

2. In his third enumeration of error, defendant contends that the trial court erred in failing to conduct a hearing as to the voluntariness of his non-custodial admission that he sexually assaulted the victim. Defendant, however, did not request an OCGA § 24-3-50 hearing as to the admissibility and voluntariness of his non-custodial admission. See *Griffin v. State*, 230 Ga. App. 318 (496 SE2d 480). He sought exclusion of this evidence only via a motion in limine and objection at trial based on state and federal constitutional grounds. We therefore have no jurisdiction to address defendant's third enumeration of error. See *Ray v. State*, 233 Ga. App. 162, 165 (2), n. 3 (503 SE2d 391).

3. Defendant contends the trial court should have dismissed the statutory rape charge against him because there was no evidence corroborating the victim's testimony that defendant subjected her to sexual intercourse. This assertion is not supported by the record. The 13-year-old victim's testimony regarding defendant's sexual assaults against her was corroborated by defendant's non-custodial admission that he sexually molested the victim and a physician's testimony that the victim displayed symptoms indicating that she had been subjected to sexual intercourse. The evidence was sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of statutory rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC

---

[1] Although the case sub judice first appeared in *Hawkins v. State*, 222 Ga. App. 461 (474 SE2d 666), and later in Case No. A98A2015, this appeal represents defendant's first opportunity for substantive review.

2781, 61 LE2d 560); *Ogles v. State*, 218 Ga. App. 92, 93 (2) (460 SE2d 866).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED FEBRUARY 9, 1999 —

*Charles J. Steedley*, for appellant.

*Robert B. Ellis, Jr., District Attorney, Timothy L. Eidson, Assistant District Attorney*, for appellee.