## S99A1560. SMILEY v. THE STATE.
### (524 SE2d 234)

SEARS, Justice.

Appellant Jerry Smiley appeals his conviction for malice murder and resulting life sentence.[1] Finding no error in the trial court's rulings concerning either the admissibility of appellant's voluntary confession, or the impropriety of appellant's attempt to elicit testimony regarding the victim's purported prior drug use, we affirm.

The evidence showed that both appellant and the victim, Eric Austin, were dating the same woman, Darlene Middleton. On the evening of May 13, 1995, appellant confronted Austin and Middleton, and then went to his father's house and retrieved his father's shotgun. Appellant, along with an accomplice, proceeded to his sister's house, where appellant obtained shotgun shells. Appellant and his accomplice then went to the home of appellant's other sister and retrieved a car. In the early morning hours of May 14, the duo drove to Middleton's home, where the accomplice called for Austin to step outside. When Austin did so, appellant, who had been hiding in the shadows, shot him several times in the back, killing him. At the time of the murder, Austin was not armed.

Police officers found appellant at his sister's home. When asked what had occurred, appellant replied, "Well, I'm not gonna let no damn body put a gun to my head and get by with it." Police asked appellant where the gun was, and he showed police the gun's location.

---

[1] The crime occurred on May 14, 1995, and appellant was indicted on August 21, 1995, for malice murder. After a trial held on November 2, 1995, appellant was found guilty as charged and sentenced to life in prison. Appellant filed a new trial motion on November 6, 1995, and the trial transcript was certified on January 11, 1996. Appellant's new trial motion was amended on October 19, 1998, and denied on November 13, 1998. Appellant timely filed a notice of appeal on November 30, 1998, and his appeal was docketed in this Court. Because appellant's initial appellate counsel failed to file timely enumerations of error and a brief, on May 20, 1999, this Court directed that the appeal be removed from the docket and remanded for a determination of whether new appellate counsel should be appointed. New counsel was appointed by the trial court, the appeal was redocketed with this Court on July 21, 1999, briefs were timely filed, and the appeal was submitted for decision without oral argument on September 13, 1999.

Appellant was informed of his *Miranda* rights while being transported to the Police Department. At the Police Department, appellant was read his *Miranda* rights a second time, and he signed a waiver of rights form. Appellant then gave police a statement in which he admitted instructing his accomplice to call the victim outside and then shooting the victim. Appellant claimed that the victim had "bluffed" him by reaching for a gun. At trial, appellant claimed that he shot the victim in self-defense, and stated that when he went to Middleton's home he was seeking the victim, with the intention that if the victim "acted like he want to do something, I would shoot him."

1. The evidence was sufficient to enable a rational trier of fact to find appellant guilty of murder.[2]

2. The trial court did not err in refusing to allow appellant to cross-examine a witness concerning the victim's use of cocaine. Appellant sought to elicit this testimony in support of his justification defense. However, any evidence touching upon the victim's use of drugs prior to his death was irrelevant to appellant's claim of justification.[3] Under the facts of this case, even assuming that the testimony appellant sought to elicit would have authorized the jury to infer that the victim had previously used cocaine, prior drug use by the victim would not have tended to prove his reputation for violence or the reasonableness of appellant's claim that the use of deadly force was necessary.[4]

3. At trial, appellant failed to object to the admission into evidence of the inculpatory statements he made to police officers at his sister's home prior to being taken into custody and advised of his *Miranda* rights. Accordingly, appellant's enumeration that the trial court erred in admitting those statements is deemed waived on appeal.[5]

4. The trial court did not err in admitting appellant's statements made after his arrest and after being advised of his *Miranda* rights. The standard for determining the admissibility of a defendant's confession is the preponderance of the evidence.[6] To determine whether a confession was voluntarily made, a trial court must consider the totality of the circumstances, and unless clearly erroneous, a trial court's credibility determinations and factual findings relating to the

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] OCGA § 24-2-2; *Russell v. State*, 264 Ga. 121, 122 (441 SE2d 750) (1994).
[4] See *Russell*, supra; *Wood v. State*, 258 Ga. 598, 599 (373 SE2d 183) (1988).
[5] *Reeves v. State*, 241 Ga. 44 (243 SE2d 24) (1978). Alternatively, see *McCallister v. State*, 270 Ga. 224, 226-227 (507 SE2d 448) (1998) (a defendant's statements made prior to being taken into police "custody," as that term is defined in the case law, are not excluded at trial due to the absence of *Miranda* warnings).
[6] *Lee v. State*, 270 Ga. 798, 800 (514 SE2d 1) (1999).

admissibility of a confession must be upheld on appeal.[7]

Law enforcement officers testified at a *Jackson-Denno* hearing that prior to making his statement at police headquarters, appellant was read his rights twice, and stated that he understood what was read to him. Appellant also signed a waiver of rights form. At the hearing, appellant acknowledged that his *Miranda* rights were read to him twice and that he signed the waiver of rights form, but nonetheless claimed that he did not understand those rights. Law enforcement officers testified that appellant appeared to understand his rights, did not appear to be under the influence of drugs or alcohol, and was not coerced or offered inducements in exchange for his inculpatory statements. Having reviewed the record and after considering the totality of the circumstances, we conclude that the trial court did not err in finding by a preponderance of the evidence that appellant's inculpatory statements were voluntarily and knowingly made, and thus were admissible.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 1999.

*John E. Pirkle,* for appellant

*J. Thomas Durden, Jr., District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.

---

[7] Id.; *Gober v. State*, 264 Ga. 226, 228 (443 SE2d 616) (1994).