## A04A2275. TAYLOR v. THE STATE.
### (607 SE2d 163)

MILLER, Judge.

Lynette Taylor appeals from convictions for shoplifting and simple battery on the grounds that she was denied effective assistance of counsel and that the evidence was insufficient to support the verdict. We find no error and therefore affirm.

Viewed in the light most favorable to the verdict, the evidence showed that the co-manager of a grocery store observed Taylor, who was pushing a shopping cart, take a package of ham hocks and some tomatoes and place them in her purse. When Taylor approached the checkout counter, the co-manager confronted her. Taylor retreated into the store and discarded the two items on a display. The co-manager attempted to detain Taylor, who slapped him in the face in front of two other store employees. He then held Taylor until the police arrived.

A jury convicted Taylor of shoplifting and simple battery. Trial counsel then withdrew. New counsel filed a motion for new trial on the ground that the evidence was insufficient, and then amended the motion to allege that Taylor did not receive effective assistance of counsel. The motion was denied. On appeal, Taylor argues that she was denied effective assistance and that the verdict was not supported by the evidence.

1. Specifically, Taylor contends that she was deprived of effective assistance when counsel failed to object to the line of questions and answers concerning the dropping of her own battery charge against the co-manager. We disagree.

"To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). A trial court's determination that trial counsel was effective will not be disturbed on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

Even assuming that the evidence was objectionable, Taylor can meet neither of the requirements to show ineffectiveness. At the hearing on the motion for new trial, counsel testified that his decision not to object to the evidence was strategic. If the case was essentially a swearing contest between Taylor and the co-manager, counsel reasoned, and if the jury heard that the battery charge "was dismissed on one side," then the jury might have been more likely to "dismiss it on the other side" as well. We will not critique such a

decision after the fact. See *Rivers v. State*, 271 Ga. 115, 118 (2) (b) (516 SE2d 525) (1999); *Hawkins v. State*, 236 Ga. App. 346, 347 (1) (512 SE2d 59) (1999).

2. Taylor also argues that since she was apprehended before having the opportunity to place any items on the checkout counter, and since she intended to pay for the ham hocks and tomatoes, the evidence was insufficient to support the shoplifting charge. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The question whether Taylor's placement of the goods in her purse showed an intent to commit theft by shoplifting was one for the jury. See OCGA § 16-8-14 (a) (1) (defendant who "conceals or takes possession" of goods with intent to appropriate for own use without paying for them commits theft by shoplifting). There was evidence to support the guilty verdict. See *Parham v. State*, 218 Ga. App. 42, 43 (1) (460 SE2d 78) (1995) (concealing goods in store sufficient to establish intent).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 8, 2004 —
RECONSIDERATION DENIED NOVEMBER 29, 2004 — 

*August F. Siemon III*, for appellant.
Lynette Taylor, *pro se*.
*Charles A. Spahos, Solicitor-General, Gilbert A. Crosby, Assistant Solicitor-General*, for appellee.