A06A1397, A06A1398. COPELAND v. THE STATE (two cases).
(635 SE2d 283)

MILLER, Judge.

Following a jury trial, Reggie Deon Copeland was convicted of one count of obstruction of an officer and one count of riot in a penal institution. Tried separately at a subsequent jury trial, Copeland was convicted of one count of possession of cocaine and one count of misdemeanor obstruction of an officer.

In Case No. A06A1397, Copeland challenges his convictions for obstruction and riot in a penal institution, contending that the trial court erred in failing to require the prosecuting attorney to explain why he had struck an African-American juror. In Case No. A06A1398, Copeland challenges his convictions for drug possession and misdemeanor obstruction, claiming that the trial court erred in denying his motion for a directed verdict, and maintaining that his trial counsel was ineffective. Discerning no error, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys a presumption of innocence. An appellate court does not weigh the evidence or determine witness credibility. The standard is whether, based on the evidence presented, a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Thomas v. State*, 256 Ga. App. 712 (569 SE2d 620) (2002).

Viewed in the light most favorable to the verdicts, the evidence shows that while patrolling in an area known for drug activity, a police officer observed Copeland leaning into a pickup truck parked in the middle of the road. The truck sped off when the officer approached the scene. Once the officer stopped his patrol car, Copeland walked to the officer's vehicle and initiated a conversation in which he insisted

that he had done nothing wrong. Suspicious of the manner in which Copeland held his right hand against his chest, the officer began to step out of his vehicle. As the officer did so, Copeland fled to a nearby parking lot, where he tripped and fell. When the officer reached him, he placed Copeland under arrest and found two bags of cocaine that Copeland had dropped during his fall.

While in pretrial confinement on the drug charges, Copeland assaulted a corrections officer, inflicting severe injuries to the officer's head, wrist, and ribs. Without objection, the trial court ruled that the drug and assault offenses should be tried separately.

## Case No. A06A1397

1. Copeland contends that the prosecuting attorney struck a prospective African-American juror in violation of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). We disagree.

> The Equal Protection Clause of the U. S. Constitution prohibits discrimination in jury selection on the basis of race or gender, or the assumption that a venireperson will be biased in a particular case for no reason other than the person's race or gender. The opponent of the peremptory strike bears the burden of persuading the trial court that the proponent of the strike acted with discriminatory intent in exercising the peremptory challenge.

(Citation and punctuation omitted.) *Whitaker v. State*, 269 Ga. 462, 464 (3) (499 SE2d 888) (1998). A prima facie case of purposeful discrimination is established by showing that "the totality of the relevant facts gives rise to an inference of discriminatory purpose. *Batson*, [supra, 476 U. S. at 94]; *Gamble v. State*, 257 Ga. 325 (357 SE2d 792) (1987)." (Punctuation omitted.) *Whatley v. State*, 266 Ga. 568, 570 (3) (468 SE2d 751) (1996). "Only if a prima facie case is established, does the burden shift to the proponent of the strike to articulate a race-neutral explanation for the strike. [Cit.]" *Whitaker*, supra, 269 Ga. at 464 (3). "The trial court's findings concerning whether the opponent of the strike has carried the burden of persuasion are entitled to great deference and will be affirmed unless clearly erroneous. [Cit.]" *Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996).

The record shows that the prosecutor struck one of six prospective African-American jurors on the venire. African-Americans comprised about seventeen percent of the venire (six of thirty-six) and about thirty-eight percent of the actual jury (five of thirteen). Apart from the complained-of strike, Copeland failed to articulate any facts

that might have given rise to a discriminatory purpose. Under these circumstances, the trial court properly ruled that Copeland failed to carry his burden of establishing a prima facie *Batson* case. See *Gooden v. State*, 204 Ga. App. 62, 63 (1) (418 SE2d 632) (1992).

In any event, the prosecuting attorney testified at the motion for new trial hearing that she had exercised the complained-of strike because the juror had expressed displeasure with the manner an acquaintance had been treated by another prosecutor in the district attorney's office — an explanation supported by the record. Such race-neutral explanation for the strike renders moot any question as to whether Copeland met his initial burden of establishing a prima facie case of purposeful discrimination. *Quillian v. State*, 279 Ga. 698, 700-701 (3) (620 SE2d 376) (2005).

### Case No. A06A1398

2. Copeland contends that the trial court erred in denying his motion for a directed verdict, arguing that the trial court should have suppressed the cocaine seized from his person in that he was unlawfully arrested after running from police. We disagree.

> The standard for reviewing a denial of a motion for a directed verdict of acquittal is the same test to be used when the sufficiency of the evidence is challenged, i.e., under the rule of *Jackson v. Virginia*, supra, whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.

(Citation and punctuation omitted.) *Johnson v. State*, 275 Ga. App. 21, 22 (1) (619 SE2d 731) (2005).

Copeland failed to move to suppress the cocaine evidence in the trial court, which forecloses review of his claim that the trial court erred in failing to suppress the contraband. See *Lambropoulous v. State*, 234 Ga. App. 625, 626 (1) (507 SE2d 225) (1998) (grounds not raised in the trial court may not be raised for the first time on appeal). Absent suppression of such evidence, the arresting officer's testimony to the effect that Copeland was in possession of a substance that tested positive for cocaine was sufficient to sustain the jury's verdict finding Copeland guilty beyond a reasonable doubt of possession of cocaine. OCGA § 16-13-30 (a).

Copeland's conviction of misdemeanor obstruction of an officer is also supported by evidence sufficient to meet the *Jackson* standard. While he correctly argues that an officer is not lawfully discharging his or she attempts to detain a person without an

articulable suspicion of criminal activity, Copeland fails to recognize that unprovoked flight, given other suspicious circumstances, as here, gives rise to a reasonable articulable suspicion of criminal activity. *Crowley v. State*, 267 Ga. App. 718, 720 (601 SE2d 154) (2004).

3. Copeland also maintains that his counsel was ineffective, arguing that counsel failed to (a) submit jury instructions on circumstantial evidence, (b) object to the admission of the cocaine evidence based on a deficient chain of custody, (c) request independent analysis of the cocaine, and (d) explain the recidivist statute. We disagree.

To prevail on a claim of ineffective assistance of counsel, a defendant must establish two things: (1) deficient performance of his or her counsel, and (2) that the deficiency prejudiced his or her defense. *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001). Unless clearly erroneous, we will not disturb a trial judge's findings as to deficient performance or prejudice to the defendant. *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

(a) The record reflects that the trial court gave a proper charge on circumstantial evidence. Accordingly, Copeland has not shown prejudice as to counsel's failure to request such an instruction. Consequently, there is no ineffectiveness on this account. *Lakes v. State*, 266 Ga. 389, 390 (2) (467 SE2d 566) (1996).

(b) Since the State's evidence showed a proper chain of custody as to the cocaine in issue (see *Wilson v. State*, 271 Ga. App. 359, 362 (2) (b) (609 SE2d 703) (2005) (as to fungible evidence, State need only show with reasonable certainty that the evidence has not been subject to tampering or substitution)), trial counsel was not ineffective for failure to interpose a chain of custody objection. The failure to make a meritless objection does not amount to ineffective assistance of counsel. *Mann v. State*, 240 Ga. App. 809, 811 (2) (524 SE2d 763) (1999).

(c) Trial counsel testified that he chose not to seek a retest of the cocaine, believing that the original test had been properly conducted and that an additional test might identify the presence of more cocaine. Trial counsel's decision not to retest the contraband thus was strategic, foreclosing Copeland's claim of ineffectiveness on this account. See *Taylor v. State*, 270 Ga. App. 637, 637-638 (1) (607 SE2d 163) (2004).

(d) Since trial counsel testified that he had discussed recidivist punishment with Copeland and relayed the State's plea offers to him, recidivist and nonrecidivist, there is no ineffective assistance in this regard. "Although [Copeland] and his counsel gave conflicting testimony at the motion for new trial hearing . . . , it was the function of the trial court hearing the evidence presented . . . to determine

witness credibility and resolve [such] conflict[ ]." (Punctuation and footnote omitted.) *Himmel v. State*, 246 Ga. App. 845, 850 (2) (e) (542 SE2d 557) (2000).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 7, 2006.

*Jack J. Menendez, Harold B. Garcia*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.