## A07A0441. DONNELL v. THE STATE.

(645 SE2d 614)

ELLINGTON, Judge.

A Douglas County jury found Daniel Donnell guilty beyond a reasonable doubt of burglary, OCGA § 16-7-1. Following the denial of his motion for a new trial, Donnell appeals, contending that the evidence was insufficient, that he received ineffective assistance of counsel, and that the trial court erred in charging the jury. Finding no error, we affirm.

1. Donnell contends the evidence that identified him as the burglar was insufficient to find him guilty beyond a reasonable doubt.

> On appeal from a criminal conviction, [the appellate court] view[s] the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. [The appellate court] determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [the appellate court] must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). The standard of *Jackson v. Virginia* is met if the evidence is sufficient for any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime charged. *Clark v. State*, 275 Ga. 220, 221 (1) (564 SE2d 191) (2002).

Viewed in the light most favorable to the verdict, the record shows the following.[1] A burglar broke into the Lithia Springs Body & Paint Shop sometime after the shop closed on the evening of Friday, May 24, 2002, and before the shop opened on the following Monday morning. After cutting a chain link fence on the property, the burglar entered the shop by forcing open the back door. The burglar used a crow bar to break into a desk and remove the company checkbook.

At about the time the shop employees discovered the burglary, Donnell, a former employee of the shop, cashed a body shop company check at a nearby liquor store, Joe's Bottle Shop. The check was made payable to "Randall Jones," another former employee of the body

---

[1] This recitation of facts is based in part on evidence which Donnell contends the trial court erroneously admitted. We have rejected Donnell's evidentiary challenge, and his related ineffective assistance of counsel claim, for the reasons discussed in Division 2, infra.

shop, and had the forged signature of the body shop's owner. The liquor store regularly cashed payroll checks for employees of the body shop. When Donnell came in that morning, two employees of the liquor store recognized Donnell as a body shop employee because they had seen him in the liquor store cashing body shop checks and buying liquor on an almost daily basis and because of his distinctive eyelid tattoos. Donnell was the only person with tattoos on his eyelids who had ever worked for the body shop. Still photographs taken from the liquor store's surveillance system showed Donnell cashing the stolen check at the liquor store on the morning of May 27, 2002.

Later that morning, a police officer assisting in the burglary investigation found Donnell at a gas station near the body shop and liquor store. Donnell's girlfriend was with him, and the car was packed full of luggage and clothing. The officer detained Donnell and his girlfriend until the lead investigator could arrive. For his safety, the officer frisked Donnell and the woman for weapons and asked the woman if he could check her purse. The woman consented, and inside her purse the officer found a "Leatherman" multipurpose tool that had a wire cutter among its parts. The blades of the wire cutter had metal shavings on them, indicating they had recently been used. After pulling the tool out of the purse, the officer asked Donnell and the woman together, "Who does this belong to?" Donnell answered that it belonged to him.

At trial, an expert firearms and tool mark examiner testified with absolute certainty that the wire cutter in the multipurpose tool had been used to cut the fence at the body shop.

The evidence, even though circumstantial, was sufficient for a rational trier of fact to find beyond a reasonable doubt that Donnell was the person who cut the fence, broke in the door, and took checks from the desk in the body shop. *Williamson v. State*, 248 Ga. 47, 48-58 (1) (281 SE2d 512) (1981); *Johnson v. State,* 185 Ga. App. 505, 506 (2) (364 SE2d 893) (1988).

2. Donnell contends the trial court erred by allowing into evidence his pretrial statement that the multipurpose tool found in his girlfriend's purse belonged to him. Donnell waived this claim for appellate review because he failed to move to suppress the evidence or to object to its admission. *Smiley v. State*, 271 Ga. 734, 735 (3) (524 SE2d 234) (1999). In a related argument, Donnell contends his trial counsel's waiver of any objection to the evidence constituted ineffective assistance of counsel.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable

likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State,* 277 Ga. 75, 75-76 (586 SE2d 313) (2003). "When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." (Citation omitted.) *Richardson v. State,* 276 Ga. 548, 553 (3) (580 SE2d 224) (2003).

In this case, Donnell argues that his statement that the multipurpose tool belonged to him would have been suppressed because it was elicited during a custodial interrogation and there was no evidence that, before interrogating Donnell, the officer gave him a complete *Miranda*[2] warning. See *Pinckney v. State,* 259 Ga. App. 316, 317 (1) (576 SE2d 677) (2003) (when a criminal defendant objects to the admission into evidence of his inculpatory statement, the state must prove, by a preponderance of the evidence, that the statement was voluntary, and, if the statement was the product of a custodial interrogation, that the statement was preceded by the arrestee's knowing and voluntary waiver of his *Miranda* rights).

After carefully reviewing the record in this case, however, we conclude that Donnell failed to make a strong showing that the statement would have been suppressed if counsel had so moved. First, the State established on the record that Donnell's statement occurred during a brief investigative detention, not during a postarrest interrogation. When Donnell said the multipurpose tool belonged to him, he had not been formally placed under arrest, although the officer had communicated to Donnell that he was not free to leave.[3] Furthermore, Donnell's encounter with the officer at the gas station, viewed objectively, had not yet reached the level of restraint

---

[2] *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[3] A brief investigative detention, which is sometimes called a *Terry* stop or "second-tier" police-citizen encounter, occurs when, in view of all the circumstances surrounding the incident, a reasonable person believes that he is not free to leave. *Akins v. State,* 266 Ga. App. 214, 215 (596 SE2d 719) (2004), citing *Terry v. Ohio,* 392 U. S. 1, 20 (88 SC 1868, 20 LE2d 889) (1968).

associated with a formal arrest.[4] Indeed, the officer obtained the consent of Donnell's girlfriend before checking her purse for weapons. The record established that the circumstances that implicated Donnell in the body shop burglary justified the officer in approaching Donnell at the gas station initially and that the officer acted diligently, taking steps that were likely to confirm or dispel his suspicions quickly, during which time it was necessary to detain Donnell and his companion.[5] Because Donnell was not formally or effectively under arrest, the State was not required to prove that he knowingly and voluntarily waived his *Miranda* rights before the officer asked the question which elicited the inculpatory statement.[6] It follows that, because the record established that the statement was voluntary, Donnell's statement was admissible. *Pinckney v. State*, 259 Ga. App. at 318-319 (1). Because a motion to suppress would have been futile under the circumstances, Donnell has accordingly failed to make the required showings under *Strickland v. Washington. Nickerson v. State*, 248 Ga. App. 829, 832 (2) (b) (545 SE2d 587) (2001); *Mack v. State*, 212 Ga. App. 187, 189 (2) (441 SE2d 503) (1994).

3. Donnell argues that the trial court's jury instruction regarding the recent unexplained possession of stolen goods impermissibly shifted the burden of production to him and allowed the jury to convict him under a standard less stringent than required by law.

> Among other requirements, a jury instruction must be adjusted to the evidence and embody a correct, applicable, and complete statement of law. Where a charge as a whole substantially presents issues in such a way as is not likely to

---

[4] To determine whether a detention involved the degree of restraint associated with a formal arrest,

> we apply an objective test to determine whether a reasonable person in [the detainee's] place would feel so restrained as to equate to a formal arrest. A reasonable person has been defined as one neither guilty of criminal conduct and thus overly apprehensive nor insensitive to the seriousness of the circumstances.

(Citations and punctuation omitted.) *Smith v. State*, 262 Ga. App. 614, 617-618 (2) (585 SE2d 888) (2003).

[5] The United States Supreme Court has adopted a dual inquiry for evaluating the reasonableness of a lengthy investigative stop. First, we consider whether the officer's action was justified at its inception, and second, whether it was reasonably related in scope to the circumstances which justified the interference in the first place. In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant. (Citations and punctuation omitted.) *Randolph v. State*, 246 Ga. App. 141, 146 (3) (b) (538 SE2d 139) (2000).

[6] "*Miranda* protections apply when an individual is either (1) formally arrested or (2) restrained to the degree normally associated with a formal arrest." (Citation omitted.) *Smith v. State*, 262 Ga. App. at 617 (2).

confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence.

(Citations and punctuation omitted.) *Brown v. State*, 275 Ga. App. 99, 102 (3) (619 SE2d 789) (2005).

In this case, the trial court instructed the jury as follows:

A person commits the offense of burglary when, without authority, that person entered or remained in any building of another with intent to commit a theft. . . .

Intent to commit a theft is an essential element and must be proved by the State beyond a reasonable doubt. An intent to steal may be shown in many different ways[,] provided you, the jury, believe beyond a reasonable doubt that it existed from the proven facts before you.

You may infer an intent to steal where the evidence shows an unlawful entry into the building of another where goods or items of some value are present or kept inside and where there is no other apparent motive for the entry. Whether or not you make such inference is a matter solely within your discretion.

If you should find beyond a reasonable doubt that the crime of burglary has been committed as charged in this indictment and that certain personal property was stolen as a result of such crime, and if recently thereafter the defendant should be found in possession of the stolen property, that would be a circumstance along with all the other evidence from which you may infer guilt as to the charge of burglary as set forth in the indictment. If you find that the evidence merits such an inference, you may not draw an inference of guilt if from the evidence there's a reasonable explanation of the possession of such property consistent with the plea of innocence[,] which is a question solely for you, the jury, to determine.[7]

---

[7] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3rd ed.), § 2.32.30 (recent possession of stolen goods), pp. 114-115.

The Supreme Court of Georgia has approved the charge regarding the inference a jury could draw from the recent possession of stolen goods. As the Court held,

the jury instruction at issue does not constitute an unconstitutional burden shift to the defendant that requires him to provide a reasonable explanation for possession of the [stolen goods]. The trial court's charge was a permissive instruction that allowed the jury to make the inference as opposed to a mandatory one that required they do so. The jury instruction on the recent possession of stolen goods in no manner absolves the State from its burden of proof. An instruction of this nature does not have the effect of shifting the burden to the defendant to affirmatively prove his innocence; it merely prohibits the jury from making the inference if the defendant provides a satisfactory explanation.

(Citations and punctuation omitted.) *Johnson v. State*, 277 Ga. 82, 85 (3) (586 SE2d 306) (2003). Furthermore, the trial court's charge in this case consistently instructed the jury that it was authorized to convict Donnell only if it found the evidence established every essential element beyond a reasonable doubt. Accordingly, the trial court did not err when it gave the jury instruction.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED APRIL 17, 2007.

*Dawn D. Scotland*, for appellant.
*David McDade, District Attorney, Jeffrey L. Ballew, James A. Dooley, Assistant District Attorneys*, for appellee.