S10A1063. TURNER v. THE STATE.
(700 SE2d 386)

CARLEY, Presiding Justice.

After a jury trial, Appellant Michael James Turner was found guilty of malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime. Treating the felony murder verdict as surplusage, the trial court sentenced Appellant to life imprisonment for malice murder, a concurrent term of twenty years imprisonment for the aggravated assault offense and a consecutive term of five years for the weapons charge. Appellant appeals after the denial of a motion for new trial.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that, in the early morning of July 12, 2007, Appellant confronted his wife Teresa Buckner Turner in her car on her way to work. During the course of an argument, Appellant shot Ms. Turner and then fled from the scene. Ms. Turner's body was found in Spalding County shortly afterwards by the police, who were eventually directed to her current address, at which they found Appellant. After being notified of his wife's death, Appellant accompanied the police to the Spalding County Sheriff's Office and was placed in an interview room. After approximately eight hours of questioning, Appellant made oral and written statements confessing to the shooting and killing of his wife. In his confession, Appellant admitted to using a six-shot .38 Magnum revolver. A medical examination confirmed that the victim was shot six times, and four bullets removed from the victim were determined to be fired from the same .38 Magnum revolver. After his confession, Appellant returned to the scene of the crime with the police to show them where he had thrown

---

[*] The crimes occurred on July 12, 2007, and the grand jury returned the indictment on February 4, 2008. The jury found Appellant guilty on December 10, 2008, and the trial court entered the judgments of conviction and sentences on December 18, 2008. The motion for new trial was filed on December 31, 2008, amended on November 5, 2009, and denied on January 4, 2010. Appellant filed the notice of appeal on January 12, 2010. The case was docketed in this Court for the April 2010 term and orally argued on June 14, 2010.

the murder weapon. The evidence was sufficient for a rational trier of fact to find Appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant claims that his statements to police were improperly admitted into evidence because they were induced by a hope of benefit and fear of injury, in violation of OCGA § 24-3-50. However, Appellant has waived this specific claim because he failed to raise it at the hearing held pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), when he renewed the *Jackson-Denno* motion at trial, or when the statements were ultimately introduced into evidence. *Mangrum v. State*, 285 Ga. 676, 677 (2) (681 SE2d 130) (2009). See also *Williams v. State*, 270 Ga. App. 480, 481-482 (606 SE2d 671) (2004); *Hawkins v. State*, 236 Ga. App. 346, 347 (2) (512 SE2d 59) (1999) (holding that an OCGA § 24-3-50 objection "to the admissibility and voluntariness of [a] non-custodial admission" was waived because the only objections were "based on state and federal constitutional grounds").

3. Appellant also contends that the trial court violated his Fifth Amendment right against self-incrimination by admitting his statements even though they were not freely and voluntarily given. See *Mincey v. Arizona*, 437 U. S. 385, 398 (II) (98 SC 2408, 57 LE2d 290) (1978) (holding that the use of a defendant's "involuntary statement [in a criminal trial] is a denial of due process of law"). He also argues that he invoked his right to remain silent after being informed of his rights pursuant to *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), but the interrogating officers ignored him and continued their questioning.

> The standard for determining the admissibility of a defendant's confession is the preponderance of the evidence. [Cit.] To determine whether a confession was voluntarily made, a trial court must consider the totality of the circumstances, and unless clearly erroneous, a trial court's credibility determinations and factual findings relating to the admissibility of a confession must be upheld on appeal. [Cits.]

*Smiley v. State*, 271 Ga. 734, 735-736 (4) (524 SE2d 234) (1999). However, " '[we] independently apply the law to the facts. (Cits.)' [Cit.]" *Norris v. State*, 282 Ga. 430, 431 (2) (651 SE2d 40) (2007).

In the present case, the record shows that prior to admitting Appellant's statements, the court conducted a *Jackson-Denno* hearing to determine if the statements were voluntarily given. Evidence at the hearing showed that Appellant, a 37-year-old man, could read

and write, had graduated from high school, and was not under the influence of any drugs or alcohol. The interrogating officers testified that Appellant voluntarily accompanied them to the sheriff's office, he was never handcuffed, and he was free to leave at any time. Although there was evidence that the door to the interview room may have been locked when the officers were not present, we have previously held that locked doors do not indicate an in-custody arrangement where "there [is] no evidence that [the suspect] could not have left had he so requested." *Grayer v. State*, 282 Ga. 224, 229 (3) (647 SE2d 264) (2007). The trial court reviewed a videotape of the interview and determined that Appellant had been properly advised of his *Miranda* rights, that he understood those rights and knowingly waived them, that there was no coercive police activity and that his statements were freely and voluntarily given. The trial court also found that Appellant's statement, "if y'all are going to try to do me like that, I don't want to talk no more," was only an equivocal invocation of his right to remain silent, and thus the interrogating officers had no obligation to stop questioning him. See *Perez v. State*, 283 Ga. 196, 200 (657 SE2d 846) (2008). Under the totality of the circumstances test, the trial court did not err in finding Appellant's statements admissible.

4. In his final enumeration, Appellant asserts that his statements to police should have been excluded because his Fourth Amendment right against unreasonable searches and seizures was violated. He argues that since there was no probable cause to have seized him and kept him in custody, any statements made during his illegal seizure must be held inadmissible under the exclusionary rule. See *State v. Guillory*, 236 Ga. App. 230, 233 (1) (511 SE2d 591) (1999) (" 'If there is a causal connection between an illegal arrest and a custodial statement of confession, then the exclusionary rule must be applied to ensure compliance with the Fourth Amendment. [Cits.]' [Cit.]").

> " '(E)ven when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual, (cits.); . . . as long as the police do not convey a message that compliance with their requests is required.' (Cit.) . . . 'So long as a reasonable person would feel free "to disregard the police and go about his business," (cit.), the encounter is consensual and no reasonable suspicion is required. The encounter will not trigger Fourth Amendment scrutiny unless it loses its consensual nature.' (Cit.)" [Cit.]

*Smith v. State*, 281 Ga. 185, 186 (2) (640 SE2d 1) (2006). Applying

the clearly erroneous standard articulated above, the trial court was authorized to find that the investigating officers arrived at Appellant's home in order to inform him of his wife's death. Once informed, Appellant asked to accompany the investigating officers to Spalding County and voluntarily got in their car. He was never handcuffed, there was no cage in the car, and the door handles and locks were accessible from the backseat. The officer in charge of the investigation testified that Appellant was not considered to be under arrest at that time. Once at the sheriff's office, Appellant was placed in an interrogation room where he was given the *Miranda* warnings, and thereafter knowingly waived his constitutional rights in writing and freely made his inculpatory statements.

Contrary to Appellant's contention, the present case is distinguishable from *Dunaway v. New York*, 442 U. S. 200, 207 (II) (99 SC 2248, 60 LE2d 824) (1979), where the Court found that the seizure of the petitioner amounted to an arrest and thus was in violation of his Fourth Amendment rights because the police lacked probable cause. In that case, evidence showed that the police went to the petitioner's location in order to "bring him in" for questioning, that the petitioner was involuntarily placed into a police squad car, and that the petitioner "would have been physically restrained if he had attempted to leave." *Dunaway v. New York*, supra at 203, 205 (I). In this case, the officers drove to Appellant's home in order to inform him of his wife's death, not to pick him up for questioning. Appellant asked to accompany the officers and voluntarily got in their car. Finally, the investigating officers testified that Appellant would have been free to leave had he ever requested or expressed a desire to do so. See *Watts v. State*, 185 Ga. App. 654, 657 (2) (365 SE2d 501) (1988) (holding that appellant's confession was not the product of an illegal arrest where "[t]he appellant, a high school graduate . . . , acknowledged his willingness to talk to the police when they arrived at his home and further acknowledged that he agreed voluntarily to accompany them to the police station").

" ' ' "Since a consensual encounter is not a seizure, questioning during such an encounter is lawful, regardless of scope, as long as the person remains a willing participant. (Cits.)" (Cits.)' [Cit.]" *Smith v. State*, supra at 187 (2). In the present case, the evidence as found by the trial court supports the conclusion that the encounter between Appellant and the investigating officers remained entirely consensual and that a reasonable person would have felt free to end the questioning and leave at any time. Therefore, the encounter never escalated into a seizure that would trigger Appellant's Fourth Amendment rights. Accordingly, the trial court did not err in admitting Appellant's statements into evidence.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Ronald J. Ellington*, for appellant.

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.